COPY

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOHN L. BARBER, SB# 160317
2     E-Mail: John.Barber@lewisbrisbois.com
   TRACY WEI COSTANTINO, SB# 192847
3     E-Mail: Tracy.Costantino@lewisbrisbois.com
   ANNA KIM, SB# 292082
4     E-Mail: Anna.Kim@lewisbrisbois.com
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant ABILENE
   MOTOR EXPRESS, INC.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12 LARRY GRAVESTOCK, individually,     SACV14-170 JVS(RNBx)
   and on behalf of other members of the   CASE NO.
13 general public similarly situated,
                                        **NOTICE OF REMOVAL OF**
14           Plaintiff,                 **ACTION TO FEDERAL COURT**
                                        **PURSUANT TO 28 U.S.C. § 1441(a)**
15     vs.                              **(DIVERSITY)**

16 ABILENE MOTOR EXPRESS, INC., a
   Virginia corporation, and DOES 1-10,
17 inclusive,

18           Defendants.               Action Filed:   December 19, 2013
                                       Trial Date:     None Set
19

20     **PLEASE TAKE NOTICE** that Defendant Abilene Motor Express, Inc.

21 ("Defendant") by and through its counsel, remove to this Court the civil action in

22 the Superior Court of the State of California for the County of Orange, titled <u>Larry</u>

23 <u>Gravestock, Plaintiff vs. Abilene Motor Express, Inc., a Virginia corporation, and</u>

24 <u>Does 1 through 10 inclusive, Defendant</u>, Case No. 30-2013-00694515-CU-OE-

25 CXC, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

26 ///

27 ///

28 ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-6779-7016.1

# I.   INTRODUCTION

1.   On December 19, 2013, Plaintiff Larry Gravestock ("Plaintiff") filed a Class Action Complaint ("Complaint") against Defendant in the Superior Court of the State of California for the County of Orange.  A true and correct copy of the Complaint filed on December 19, 2013 is attached hereto as Exhibit A.

2.   The Summons and Complaint was served on Defendant by personal service on or about January 7, 2014.  A true and correct copy of the Summons and Complaint is attached hereto as Exhibit B.

3.   When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

4.   Removal of this class action is proper under 28 U.S.C. §§ 1332(a) and 1441(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3) and 1446(a).

# II.   REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP

## A.   Complete Diversity of Citizenship Exists

6.   Plaintiff filed a Class Action Complaint against Defendant, seeking to represent a class of non-exempt or hourly paid employees who have been employed by Defendant in California in the position of truck driver, driver, hauler, or those positions with similar duties and/or similar titles, within four years prior to the filing of Plaintiff's Complaint. (Exh. A, ¶ 14.)  Plaintiff's Complaint makes no mention of the citizenship of the putative class members.

7.   Both at the time this action was filed and at the time of removal, Plaintiff was, and still is, a citizen of the State of California.  Plaintiff alleges he "is a resident of Orange County in the State of California."  (Exh. A, ¶ 5.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-6779-7016.1
2
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(a)

8.    Both at the time this action was filed and at the time of removal, Defendant was, and still is, a citizen of Virginia.  Abilene Motor Express, Inc. is a corporation, registered in Virginia, with its headquarters in Richmond, Virginia. (Declaration of Kolen S. Jones ("Jones Decl.") ¶ 3.)  At all relevant times, Abilene Motor Express, Inc.'s high-level officers have directed, controlled, and coordinated its operations from Richmond, Virginia.  (Jones Decl. ¶ 4.)  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).  At all relevant times, Abilene Motor Express, Inc. did not and does not have any offices or locations in the State of California.  (Jones Decl. ¶ 5.)

9.    Since Plaintiff (a California citizen) and Defendant (a Virginia citizen) are neither citizens nor residents of the same state, complete diversity exists between all current parties and removal of this action is proper.  28 U.S.C. § 1332(a)(1).

**B.    The Amount in Controversy Exceeds $75,000**

10.    The amount in controversy is determined by evaluating the plaintiff's complaint and the record as a whole.  *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Id.*  It is not "proof of the amount the plaintiff will recover."  *Id.* (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

11.    Defendant denies all of Plaintiff's allegations and specifically denies that Plaintiff is entitled to any relief.  But without prejudice to its defenses in this action, Defendant avers that the amount in controversy exceeds the $75,000 threshold for removal under 28 U.S.C. § 1332(a).

12.    Plaintiff seeks to represent a class of all non-exempt or hourly paid employees who have been employed by Defendant in California in the position of truck driver, driver, hauler, or those positions with similar duties and/or similar titles, within four years prior to the filing of Plaintiff's Complaint.  (Exh. A; ¶ 14.)

13.    Plaintiff estimates that the entire class is comprised of more than fifty

1   individuals. (Exh. A; ¶ 15.a.) This means the amount in controversy under

2   Plaintiff's claims need only reach $1,500.

3       14.    However, Plaintiff's claims under *Labor Code* section 226(a) alone,

4   places $4,000 in controversy for *each* putative class member. *See Cal. Lab. Code*

5   § 226(a) (Where an employer fails to comply with the requirements of section

6   226(a), an employee can recover $50 for the initial violation and $100 for every

7   subsequent violation, up to an aggregate amount of $4,000.)

8       15.    In addition to penalties under *Labor Code* section 226(a), which alone

9   exceeds the amount in controversy requirement under 28 U.S.C. § 1332(a), Plaintiff,

10  on behalf of himself and each of the more-than-fifty putative class members, also

11  seeks actual, consequential, and incidental losses and damages; statutory penalties

12  under *Labor Code* sections 203; civil penalties owed to the Labor and Workforce

13  Development Agency pursuant to *California Labor Code* section 2698 *et seq.*; and

14  attorneys' fees. (Exh. A, Prayer for Relief.)

15      16.    Accordingly, it is facially apparent from the Complaint that the amount

16  in controversy far exceeds $75,000, exclusive of interests and costs, and removal of

17  this action is proper. 28 U.S.C. §§ 1332(a), 1441(a).

18      **C.    28 U.S.C. § 1446 Requirements**

19      17.    All Defendants Consent to Removal. Abilene Motor Express, Inc. has

20  consented to removal of this action. 28 U.S.C. § 1446(b)(2)(A).

21      18.    Removal is Timely. Defendant timely filed this Notice of Removal,

22  within thirty days of service of Plaintiff's Class Action Complaint. 28 U.S.C.

23  § 1446(b).

24      19.    Removal to this Court is Proper. Plaintiff's Class Action Complaint

25  was filed in the Superior Court of the State of California in the County of Orange.

26  This Court is part of the division within which such action is pending. 28 U.S.C. §§

27  84(c)(3) and 1446(a).

28      20.    Pleadings and Process. Defendant has not answered or otherwise filed

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   a response to Plaintiff's Class Action Complaint.  Other than the documents

2   attached as Exhibits A and B, no other pleadings, process, orders, or other papers in

3   this case have been filed, served, or received by Defendant.

4         21.   Notice to All Parties and the State Court.  Defendant is filing a copy of

5   this Notice of Removal with the clerk of the state court and is serving a copy on all

6   adverse parties (namely, Plaintiff).  28 U.S.C. § 1446(d).

7         **WHEREFORE**, Defendant files this Notice of Removal.

8

9   DATED: February 5, 2014          **LEWIS BRISBOIS BISGAARD &**
                                     **SMITH LLP**
10

11

12                            By: _____

13                                John L. Barber
                                  Tracy Wei Costantino
14                                Anna Kim
                                  Attorneys for Defendant Abilene Motor
15                                Express, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4841-6779-7016.1                                5
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(a)

# EXHIBIT A

4845-2844-7504.1

1  KAWAHITO SHRAGA & WESTRICK LLP
SHAWN C. WESTRICK (BAR NO. 235313)
2  TIMOTHY P. HENNESSY (BAR NO. 286317)
1990 S. Bundy Drive, Suite 280
3  Los Angeles, California 90025
Phone: (310) 746-5300
4  Fax: (310) 593-2520
E-Mail: swestrick@kswlawyers.com
5       thennessy@kswlawyers.com

6  Attorneys for Plaintiff and Class Members

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
12/19/2013 at 03:46:59 PM
Clerk of the Superior Court
By Irma Cook,Deputy Clerk

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    COUNTY OF ORANGE
8

9  LARRY GRAVESTOCK, individually, and on
behalf of other members of the general public
10  similarly situated,

Case No.   30-2013-00694515-CU-OE-CXC
                Judge Nancy Wieben Stock

**CLASS ACTION COMPLAINT**

11                Plaintiff,

            vs.

12  ABILENE MOTOR EXPRESS, INC., a
Virginia corporation, and DOES 1-10, inclusive,
13
                Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(1) Violation of California Labor Code § 1194
(Unpaid Minimum Wages);

(2) Violation of California Labor Code § 223
(Failure to Pay Agreed Upon Wages);

(3) Violation of California Labor Code §§
226.7(a) and 512(a) (Denial of Meal Breaks);

(4) Violation of California Labor Code
§ 226.7(a) (Denial of Rest Breaks);

(5) Violation of California Labor Code §§ 201
and 202 (Wages Not Paid Upon Termination);

(6) Violation of California Labor Code §
226(a) (Improper Wage Statements);

(7) Violation of California Labor Code §§
2800 and 2802 (Failure to Reimburse
Incidental Expenses);

(8) Violation of California Labor Code § 227.3
(Failure to Pay All Vested Vacation); and

(9) Violation of California Business &
Professions Code §§ 17200, et seq.

Jury Trial Demanded

CLASS ACTION COMPLAINT

1   PLAINTIFF LARRY GRAVESTOCK ("PLAINTIFF"), individually and on behalf of all

2   other members of the public similarly situated, alleges as follows:

3                                **JURISDICTION AND VENUE**

4        1)      This Class Action Complaint is brought pursuant to California Code of Civil

5   Procedure § 382. The monetary damages and restitution sought by PLAINTIFF exceeds the

6   minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

7        2)      This Court has jurisdiction over this action pursuant to the California Constitution,

8   Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those

9   given by statute to other courts." The statutes under which this action is brought do not specify

10  any other basis for jurisdiction.

11       3)      This Court has jurisdiction over DEFENDANT ABILENE MOTOR EXPRESS,

12  INC. ("DEFENDANT") because, upon information and belief, DEFENDANT is a Virginia

13  corporation, and operates out of truck yards located in Colton, Fontana, and Montebello, in the

14  State of California.

15       4)      Venue is proper in this Court because, upon information and belief, the named

16  DEFENDANT transacts business, has offices and/or truck yards in this county, and the acts and

17  omissions alleged herein took place in this county.

18                                  **THE PARTIES**

19       5)      PLAINTIFF is a resident of Orange County in the State of California.

20       6)      DEFENDANT was and is, upon information and belief, a Virginia corporation

21  doing business in California, and at all times hereinafter mentioned, an employer whose

22  employees are engaged throughout this county, the State of California, and/or the various states of

23  the United States of America.

24       7)      PLAINTIFF is unaware of the true names or capacities of the DEFENDANTS sued

25  herein under the fictitious names DOES 1-10, but prays for leave to amend and serve such

26  fictitiously named DEFENDANTS pursuant to California Code of Civil Procedure § 474 once

27  their names and capacities become known.

28

1   8)      PLAINTIFF is informed and believes, and thereon alleges, that DOES 1-10 are the

2   partners, agents, owners, shareholders, managers or employees of DEFENDANT, and were acting

3   on behalf of DEFENDANT.

4   9)      PLAINTIFF is informed and believes, and thereon alleges, that each and all of the

5   acts and omissions alleged herein was performed by, or is attributable to, DEFENDANT and

6   DOES 1-10 (collectively, "DEFENDANTS"), each acting as the agent for the other, with legal

7   authority to act on the other's behalf. The acts of any and all DEFENDANTS were in accordance

8   with, and represent the official policy of, DEFENDANT.

9   10)     At all times herein mentioned, DEFENDANTS, and each of them, ratified each and

10  every act or omission complained of herein. At all times herein mentioned, DEFENDANTS, and

11  each of them, aided and abetted the acts and omissions of each and all the other DEFENDANTS in

12  proximately causing the damages herein alleged.

13  11)     PLAINTIFF is informed and believes, and thereon alleges, that each of said

14  DEFENDANTS is in some manner intentionally, negligently or otherwise responsible for the acts,

15  omissions, occurrences and transactions alleged herein.

16                          **CLASS ACTION ALLEGATIONS**

17  12)     PLAINTIFF brings this action on his own behalf, as well as on behalf of each and

18  all other persons similarly situated, and thus seeks class certification under California Code of

19  Civil Procedure § 382.

20  13)     All claims alleged herein arise under California law for which PLAINTIFF seeks

21  relief authorized by California law.

22  14)     The proposed class is comprised of and defined as:

23

24          All non-exempt or hourly paid employees who have been employed by

25          DEFENDANT in the State of California in the position of truck triver, driver,

26          hauler or those positions with similar duties and/or similar titles, within four years

27          prior to the filing of this complaint until resolution of this lawsuit.

28

- 2 -
CLASS ACTION COMPLAINT

1    15)    There is a well-defined community of interest in the litigation and the class is easily
2  ascertainable:

3         a.    Numerosity: The members of the class are so numerous that joinder of all
4  members would be unfeasible and impractical. The membership of the entire class is unknown to
5  PLAINTIFF at this time, however, the class is estimated to be greater than 50 individuals and the
6  identity of such membership is readily ascertainable by inspection of DEFENDANT'S
7  employment records.

8         b.    Typicality: PLAINTIFF is qualified to, and will, fairly and adequately
9  protect the interests of each class member with whom he has a well-defined community of interest,
10  and PLAINTIFF'S claims (or defenses, if any) are typical of all class members' as demonstrated
11  herein.

12         c.    Adequacy: PLAINTIFF is qualified to, and will, fairly and adequately,
13  protect the interests of each class member with whom he has a well-defined community of interest
14  and typicality of claims, as demonstrated herein. PLAINTIFF acknowledges that he has an
15  obligation to make known to the Court any relationship, conflicts or differences with any class
16  member. PLAINTIFF'S attorneys and the proposed class counsel are versed in the rules
17  governing class action discovery, certification, and settlement. PLAINTIFF has incurred, and
18  throughout the duration of this action will continue to incur, costs and attorneys' fees that have
19  been, are, and will be necessarily expended for the prosecution of this action for the substantial
20  benefit of each class member.

21         d.    Superiority: The nature of this action makes the use of class action
22  adjudication superior to other methods. A class action will achieve economies of time, effort and
23  expense as compared to separate lawsuits, and will avoid inconsistent outcomes because the same
24  issues can be adjudicated in the same manner and at the same time for the entire class.

25         e.    Public Policy Considerations: Employers of this state violate employment
26  and labor laws every day. Current employees are often afraid to assert their rights out of fear of
27  direct or indirect retaliation. Former employees are fearful of bringing actions because they
28

1  believe their former employers may damage their future endeavors through negative references
2  and/or other means. Class actions provide the class members who are not named in the complaint
3  with a type of anonymity that allows for the vindication of their rights while protecting their
4  privacy.

5      16)    There are common questions of law and fact as to the class that predominate over
6  questions affecting only individual members, including but not limited to:

7          a.    Whether DEFENDANTS' failure to pay at least minimum wages to
8  PLAINTIFF and the other class members was and is in violation of California wage and hour
9  laws;

10         b.    Whether DEFENDANT'S failure to pay wages, without abatement or
11  reduction, in accordance with the California Labor Code, was willful;

12         c.    Whether DEFENDANT deprived PLAINTIFF and the other class members
13  of meal periods or required PLAINTIFF and the class members to work during meal periods
14  without compensation pursuant to California Labor Code section 226.7;

15         d.    Whether DEFENDANT deprived PLAINTIFF and the other class members
16  of rest periods or required PLAINTIFF and the class members to work during rest periods without
17  compensation pursuant to California Labor Code section 226.7;

18         e.    Whether DEFENDANT complied with wage reporting as required by the
19  California Labor Code; including but not limited to section 226;

20         f.    Whether DEFENDANT failed to promptly pay all wages due to
21  PLAINTIFF and the other class members upon their discharge or resignation;

22         g.    Whether DEFENDANT did not reimburse, and/or failed to reimburse
23  correctly, PLAINTIFF and other class members for out of pocket expenses actually and
24  necessarily incurred while discharging their duties pursuant to California Labor Code section 2800
25  and 2802;

26         h.    Whether DEFENDANT had a policy that provided for the forfeiture of
27  vacation pay that was not used by a specified date;

28

- 4 -

1        i.    Whether DEFENDANT engaged in unfair business practices in violation of
2 California Business & Professions Code sections 17200, et seq.; and

3        j.    The appropriate amount of damages, restitution, or monetary penalties
4 resulting from DEFENDANT'S violations of California law.

5                  **GENERAL ALLEGATIONS**

6    17)    At all times set forth, DEFENDANT employed PLAINTIFF and other persons as
7 non-exempt or hourly paid employees to drive DEFENDANT'S trucks ("Drivers").

8    18)    DEFENDANT employed PLAINTIFF as a Driver from approximately January
9 1999 through March 2012 at DEFENDANT'S Colton, California business location.

10    19)    DEFENDANT paid PLAINTIFF and other class members a flat hourly rate for
11 trips over 100 miles and a per mile driven rate for trips under 100 miles.

12    20)    DEFENDANT did not pay PLAINTIFF and class members for time spent waiting
13 for the pick-up and drop-off of shipments, or while the trucks underwent repairs.

14    21)    DEFENDANTS had a policy that Drivers remain with trucks at all times on trips,
15 or "runs."

16    22)    DEFENDANT did not reimburse, or failed to reimburse correctly, PLAINTIFF and
17 other class members for out of pocket expenses actually and necessarily incurred while
18 discharging their duties. This includes, but is not limited to, money spent on repairs needed in
19 order for PLAINTIFF and other class members to maintain and/or operate DEFENDANT'S trucks
20 that were used throughout the course of the work-day.

21    23)    PLAINTIFF and other class members earned vacation days but lost them pursuant
22 to DEFENDANT'S policy that provided for the forfeiture of all vacation pay that was not used by
23 a specified date.

24    24)    PLAINTIFF is informed and believes, and thereon alleges, that at all times herein
25 mentioned, DEFENDANT was advised by skilled lawyers, professionals, employees, and
26 knowledgeable advisors about California labor and wage law, employment and personnel
27 practices, and about the requirements of California law.

28

1       25)   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

2   knew or should have known that PLAINTIFF and other class members were entitled to receive all

3   the wages owed to them upon discharge.

4       26)   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

5   knew or should have known that PLAINTIFF and other class members were entitled to receive all

6   meal breaks or payment of one hour of pay at PLAINTIFF'S and class members' regular rate of

7   pay when a meal break was missed.

8       27)   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

9   knew or should have known that PLAINTIFF and other class members were entitled to receive all

10  rest breaks or payment of one hour of pay at PLAINTIFF'S and class members' regular rate of pay

11  when a rest break was missed.

12      28)   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

13  knew or should have known that PLAINTIFF and other class members were entitled to receive

14  wages for accrued and unused vacation time at the pay rate upon which the vacation time was

15  earned and vested.

16      29)   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

17  knew or should have known that policy a that provides for the forfeiture of vacation pay that is not

18  used by a specified date is an illegal under California law

19      30)   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

20  knew or should have known that PLAINTIFF and other class members were entitled to receive

21  complete and accurate wage statements in accordance with California law.

22      31)   PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

23  knew or should have known that PLAINTIFF and other class members were entitled to receive

24  reimbursements incurred on behalf of Defendant.

25      32)   PLAINTIFF is informed and believes, and thereon alleges, that at all times herein

26  mentioned, DEFENDANT knew or should have known that it had a duty to properly compensate

27  PLAINTIFF and other members of the class and had the financial ability to pay such

28

1  compensation, but willfully, knowingly and intentionally failed to do so.

2      33)    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

3  knew or should have known that it had an obligation to pay guaranteed minimum wages for all

4  hours worked by PLAINTIFF and other members of the class including, but not limited to, the

5  time in which PLAINTIFF and class members were required to remain with trucks during repairs

6  and the time spent waiting for delayed pick-ups and drop-offs.

7      34)    DEFENDANT continues to employ non-exempt or hourly paid employees within

8  California.

9      35)    California Labor Code section 218 states that nothing in Article 1 of the Labor

10  Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him

11  [or her] under this article."

12     36)    Pursuant to California Labor Code section 2699.3, PLAINTIFF provided written

13  notice to the Labor and Workforce Development Agency; stating the specific alleged violations of

14  the Labor Code and facts that support said allegations as well as informing the Labor and

15  Workforce Development Agency that PLAINTIFF would seek to recover all civil penalties

16  pursuant to California Labor Code section 2698 *et seq.*

17                          **FIRST CAUSE OF ACTION**

18                   **Violation of California Labor Code § 1194**

19                          **(On behalf of the class)**

20     37)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

21  material allegations set out in paragraphs 1 through 36.

22     38)    California Labor Code section 218 authorizes employees to sue directly for any

23  wages or penalties due to them under the Labor Code.

24     39)    California Labor Code section 1194 provides that notwithstanding any agreement

25  to work for a lesser wage, any employee receiving less than the legal minimum wage applicable to

26  the employee is entitled to recover in a civil action the unpaid balance of the full amount of the

27  applicable minimum wage, including interest thereon, reasonable attorneys' fees, and the costs of

28

None

1 | the lawsuit.

2     40)     During the relevant time period, DEFENDANT willfully failed to pay PLAINTIFF

3 | and other class members the applicable minimum wage for the total number of hours spent

4 | completing trips, including, but not limited to, the time in which PLAINTIFF and class members

5 | were required to remain with trucks while they underwent repairs and time spent waiting for

6 | delayed pick-ups or drop-offs.

7     41)     DEFENDANT'S willful failure to pay PLAINTIFF and other class members their

8 | applicable minimum wages for each hour worked during the workweek is in violation of

9 | California Labor Code section 1194, and is therefore unlawful.

10     42)     Pursuant to California Labor Code section 1194, PLAINTIFF and other class

11 | members are entitled to recover their unpaid minimum wages, as well as interest, costs and

12 | attorneys' fees.

13     43)     Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other

14 | class members are entitled to recover all civil penalties owed to the Labor and Workforce

15 | Development Agency.

16              **SECOND CAUSE OF ACTION**

17              **Violation of California Labor Code § 223**

18              **(On behalf of the class)**

19     44)     PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

20 | material allegations set out in paragraphs 1 through 43.

21     45)     California Labor Code section 218 authorizes employees to sue directly for any

22 | wages or penalties due to them under the California Labor Code.

23     46)     California Labor Code section 223 provides that it is unlawful for an employer to

24 | secretly pay a lower wage while purporting to pay the wage designated by contract.

25     47)     During the relevant time period PLAINTIFF and other class members contracted

26 | with DEFENDANT to be paid an hourly wage for all time worked.

27     48)     During the relevant time period, DEFENDANT willfully failed to pay PLAINTIFF

28

1  and other class members the contracted for hourly wage for the total number of hours worked,
2  instead paying them only for the prescribed number of hours, or prescribed per-mile rate, that
3  DEFENDANT determined would be needed to complete a trip.

4      49)    During the relevant time period, DEFENDANT willfully failed to pay PLAINTIFF
5  and other class members the contracted hourly wage for hours spent including, but not limited to,
6  remaining with trucks while they underwent repairs, waiting for pick-ups and drop-offs, and
7  cleaning and maintaining vehicles and trailers.

8      50)    DEFENDANT'S willful failure to pay PLAINTIFF and other class members their
9  contractual wages for all hours worked, as required by California laws, violates the provision of
10  the California Labor Code section 223, and is therefore unlawful.

11      51)    Pursuant to California Labor Code section 223, PLAINTIFF and other class
12  members are entitled to recover their unpaid hourly wages and all other statutory relief available.

13      52)    Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other
14  class members are entitled to recover all civil penalties owed to the Labor and workforce
15  Development Agency.

16                          **THIRD CAUSE OF ACTION**

17              **Violation of California Labor Code §§ 226.7(a) and 512(a)**

18                          **(On behalf of the class)**

19      53)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the
20  material allegations set out in paragraphs 1 through 52.

21      54)    At all times herein set forth, the California IWC Order and California Labor Code
22  §§ 226.7(a) and 512(a) were applicable to PLAINTIFF and the other class members employed by
23  DEFENDANT.

24      55)    At all times herein set forth, California Labor Code section 226.7(a) provided that
25  no employer shall require an employee to work during any meal period mandated by an applicable
26  order of the California IWC.

27      56)    At all times herein set forth, California Labor Code section 512(a) provided that an
28

-9-

1 employer may not require, cause or permit an employee to work for a period of more than five (5)
2 hours per day without providing the employee with a meal period of not less than thirty (30)
3 minutes, except that if the total work period per day of the employee is not more than six (6)
4 hours, the meal period may be waived by mutual consent of both the employer and the employee.

5      57)     At all times herein set forth, California Labor Code section 512(a) further provided
6 that an employer may not require, cause or permit an employee to work for a period of more than
7 ten (10) hours per day without providing the employee with a second meal period of not less than
8 thirty (30) minutes, except that if the total of hours worked is no more than twelve (12) hours, the
9 second meal period may be waived by mutual consent of the employer and the employee only if
10 the first meal period was not waived.

11      58)     During the relevant time period, PLAINTIFF and the other members of the class
12 who were scheduled to work for a period of time no longer than six (6) hours, and who did not
13 waive their legally-mandated meal periods by mutual consent, were required to work for periods
14 longer than five (5) hours without a meal period of not less than thirty (30) minutes.

15      59)     During the relevant time period, PLAINTIFF and the other class members who
16 were scheduled to work for a period of time in excess of six (6) hours were required to work for
17 periods longer than five (5) hours without receiving a meal period of not less than thirty (30)
18 minutes.

19      60)     During the relevant time period, PLAINTIFF and other members of the class who
20 were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours, and who
21 did not waive their legally-mandated meal periods by mutual consent were required to work in
22 excess of ten (10) hours without receiving a second meal period of not less than thirty (30)
23 minutes.

24      61)     During the relevant time period, PLAINTIFF and the other class members who
25 were scheduled to work for a period of time in excess of twelve (12) hours were required to work
26 for periods longer than ten (10) hours without receiving a meal period of not less than thirty (30)
27 minutes.

28

1   62)   During the relevant time period, DEFENDANT willfully required PLAINTIFF and
2   other members of the class to work during meal periods and failed to compensate PLAINTIFF and
3   members of the class for work performed during meal periods at their regular rate as required by
4   California Labor Code section 226.7(b).

5   63)   DEFENDANT'S conduct violates applicable IWC Wage Orders, and California
6   Labor Code sections 226.7(a) and 512(a).

7   64)   Pursuant to California Labor Code section 226.7(b), PLAINTIFF and other
8   members of the class are entitled to recover from DEFENDANT all compensation for missed meal
9   breaks that DEFENDANT failed to pay.

10   65)   Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other
11   class members are entitled to recover all civil penalties owed to the Labor and Workforce
12   Development Agency.

13                    **FOURTH CAUSE OF ACTION**
14           **Violation of California Labor Code §§ 226.7(a)**
15                      **(On behalf of the class)**

16   66)   PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the
17   material allegations set out in paragraphs 1 through 65.

18   67)   At all times herein set forth, the California IWC Order and California Labor Code
19   section 226.7(a) was applicable to PLAINTIFF and other class members employed by
20   DEFENDANT.

21   68)   At all times herein set forth, California Labor Code section 226.7(a) provided that
22   no employer shall require an employee to work during any rest period mandated by an applicable
23   order of the California IWC.

24   69)   During the relevant time period, DEFENDANT required PLAINTIFF and other
25   members of the class to work in excess of four (4) hours without providing a ten (10) minute rest
26   period.

27   70)   During the relevant time period, DEFENDANT required PLAINTIFF and other
28

1 members of the class to work an additional four (4) hours without providing a second ten (10)
2 minute rest period.

3     71)    During the relevant time period, DEFENDANT willfully required PLAINTIFF and
4 other members of the class to work during rest periods and failed to compensate PLAINTIFF and
5 members of the class for work performed during rest periods.

6     72)    DEFENDANT'S conduct violates applicable IWC Wage Orders, and California
7 Labor Code section 226.7(a).

8     73)    Pursuant to California Labor Code section 226.7(b), PLAINTIFF and other
9 members of the class are entitled to recover from DEFENDANT one additional hour of pay at the
10 employee's regular hourly rate of compensation for each work day that the rest period was not
11 provided.

12     74)    Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other
13 class members are entitled to recover all civil penalties owed to the Labor and Workforce
14 Development Agency.

15 **FIFTH CAUSE OF ACTION**
16 **Violation of California Labor Code §§ 201 and 202**
17 **(On behalf of the class)**

18     75)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the
19 material allegations set out in paragraphs 1 through 74.

20     76)    At all times herein set forth, California Labor Code sections 201 and 202 provided
21 that if an employer discharges an employee, the wages earned and unpaid at the time of discharge
22 are due and payable immediately, and that if an employee voluntarily leaves his or her
23 employment, his or her wages shall become due and payable not later than seventy-two (72) hours
24 thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her
25 intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.
26     77)    During the relevant time period, DEFENDANT willfully failed to pay PLAINTIFF
27 and the other class members who are no longer employed by DEFENDANT their wages, earned
28

- 12 -<br>CLASS ACTION COMPLAINT

1 and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving
2 DEFENDANT'S employ.

3       78)    DEFENDANT'S failure to pay PLAINTIFF and those class members who are no
4 longer employed by DEFENDANT their wages earned and unpaid at the time of discharge, or
5 within seventy-two (72) hours of their leaving DEFENDANT'S employ, is in violation of
6 California Labor Code sections 201 and 202.

7       79)    California Labor Code section 203 provides that if an employer willfully fails to
8 pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall
9 continue as a penalty from the due date, and at the same rate until paid or until an action is
10 commenced; but the wages shall not continue for more than thirty (30) days.

11      80)    PLAINTIFF and other class members are entitled to recover from DEFENDANT
12 the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to a
13 thirty (30) day maximum, pursuant to California Labor Code section 203.

14      81)    Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other
15 class members are entitled to recover all civil penalties owed to the Labor and Workforce
16 Development Agency.

17                          **SIXTH CAUSE OF ACTION**
18                  **Violation of California Labor Code § 226(a)**
19                           **(On behalf of the class)**

20      82)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the
21 material allegations set out in paragraphs 1 through 80.

22      83)    DEFENDANT has intentionally and willfully failed to provide employees with
23 complete and accurate wage statements that include, among other things, the total actual number
24 of hours worked by PLAINTIFF and the other class members, the rates of pay applicable during
25 the pay period, and the inclusive dates of the pay period.

26      84)    As a result of DEFENDANT'S violation of California Labor Code section 226(a),
27 PLAINTIFF and the other class members have suffered injury and damage to their statutorily-

28

1 | protected rights.

2 |      85)    Specifically, PLAINTIFF and the other class members have been injured by

3 | DEFENDANT'S intentional violation of California Labor Code section 226(a) because they were

4 | denied both their legal right to receive, and their protected interest in receiving, accurate, itemized

5 | wage statements under California Labor Code section 226(a).

6 |      86)    PLAINTIFF and the other class members are entitled to recover from

7 | DEFENDANT the greater of their actual damages caused by DEFENDANT'S failure to comply

8 | with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand

9 | dollars per employee.

10 |      87)    PLAINTIFF and the other class members are also entitled to an award of costs and

11 | reasonable attorneys' fees pursuant to California Labor Code section 226(e).

12 |      88)    Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other

13 | class members are entitled to recover all civil penalties owed to the Labor and Workforce

14 | Development Agency.

15 | **SEVENTH CAUSE OF ACTION**

16 | **Violation of California Labor Code §§ 2800 and 2802**

17 | **(On behalf of the class)**

18 |      89)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

19 | material allegation set out in paragraphs 1 through 87.

20 |      90)    California Labor Code §§ 2800 and 2802 provide that an employer must reimburse

21 | employees for all necessary and actual expenditures incurred through the discharge of their duties.

22 |      91)    PLAINTIFF and other class members incurred actual and necessary business-

23 | related expenses and costs, including but not limited to, money spent on repairs needed for

24 | PLAINTIFF and other class members to maintain and/or operate DEFENDANT'S trucks that

25 | were used throughout the course of the work-day.

26 |      92)    DEFENDANT failed to reimburse PLAINTIFF and class members for these

27 | expenses and costs, or did so improperly.

28 |

1    93)    PLAINTIFF and other class members are entitled to recover from DEFENDANT

2    their business-related expenses incurred during the discharge of their duties.

3    94)    Pursuant to California Labor Code section 2698 et seq., PLAINTIFF and other

4    class members are entitled to recover all civil penalties owed to the Labor and Workforce

5    Development Agency.

6                              **EIGTH CAUSE OF ACTION**

7                          **Violation of California Labor Code § 227.3**

8                                 **(On behalf of the class)**

9    95)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

10   material allegation set out in paragraphs 1 through 94.

11   96)    California Labor Code § 227.3 provides that earned vacation time is considered

12   wages, and vacation time is earned, or vests, as labor is performed.

13   97)    DEFENDANT had a policy that provides for the forfeiture of vacation pay that is

14   not used by a specified date.

15   98)    PLAINTIFF and other class members are entitled to recover from DEFENDANT

16   all accrued but forfeited vacation time at the rate in effect at the time the vacation time was earned

17   and vested.

18   99)    PLAINTIFF and other class members are entitled to recover from DEFENDANT

19   the statutory penalty for each day of vacation they forfeited, at their final rate of pay for all such

20   earned, accrued and unused vacation, pursuant to California Labor Code section 203.

21   100)   Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other class

22   members are entitled to recover all civil penalties owed to the Labor and Workforce Development

23   Agency.

24                              **NINTH CAUSE OF ACTION**

25                **Violation of California Business & Professions Code §§ 17200, et seq.**

26                                 **(On behalf of the class)**

27   101)   PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

28

- 15 -
CLASS ACTION COMPLAINT

1 | material allegations set out in paragraphs 1 through 100.

2 |     102)     DEFENDANT'S conduct, as alleged in this complaint, has been, and continues to
3 | be, unfair, unlawful, and harmful to the PLAINTIFF, the other members of the class, and the
4 | general public. PLAINTIFF seeks to enforce important rights affecting the public interest within
5 | the meaning of Code of Civil Procedure section 1021.5.

6 |     103)     DEFENDANT'S activities as alleged herein are violations of California law, and
7 | constitute unlawful business acts and practices in violation of California Business & Professions
8 | Code sections 17200, et seq.

9 |     104)     A violation of California Business & Professions Code sections 17200, et seq. may
10 | be predicated on the violation of any state or federal law. In the instant case, DEFENDANT'S
11 | policy and practice of requiring employees, including PLAINTIFF and class members, to work
12 | through their meal and rest breaks without paying them proper compensation violates California
13 | Labor Code sections 226.7(a) and 512(a). Moreover, DEFENDANT'S policy and practice of
14 | intentionally underpaying the overtime owed to PLAINTIFF and the other class members is
15 | unfair, unlawful, and harmful to PLAINTIFF, the other class members, and to the general public.

16 |     105)     PLAINTIFF and the putative class members have been personally aggrieved by
17 | DEFENDANT'S unlawful business acts and practices alleged herein by the loss of money or
18 | property.

19 |     106)     Pursuant to California Business & Professions Code sections 17200, et seq.,
20 | PLAINTIFF and the putative class members are entitled to restitution of the wages withheld and
21 | retained by DEFENDANT during a period that commences four years prior to the filing of this
22 | complaint; a permanent injunction requiring DEFENDANT to pay all outstanding wages due to
23 | class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section
24 | 1021.5 and other applicable laws; and an award of costs.

25 | **REQUEST FOR JURY TRIAL**

26 |      PLAINTIFF requests a trial by jury.

27 |

28 |

# PRAYER FOR RELIEF

PLAINTIFF prays for relief and judgment against DEFENDANT, as follows:

## Class Certification

1. That this action be certified as a class action;

2. That PLAINTIFF be appointed as representative of the class; and

3. That counsel for PLAINTIFF be appointed as class Counsel.

## As to the First Cause of Action

1. That the Court declare, adjudge and decree that DEFENDANT violated California Labor Code section 1194 by wilfully failing to pay all applicable minimum wages due to PLAINTIFF and class members;

2. For general unpaid minimum wages and such general and special damages as may be appropriate;

3. For pre-judgment interest on any unpaid minimum wage compensation from the date such amounts were due;

4. For liquidated damages in an amount equal to the wages unlawfully unpaid with interest thereon pursuant to California Labor Code § 1194.2;

5. For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a);

6. For any and all civil penalties owed to the Labor and Workforce Development Agency as pursuant to California Labor Code section 2698 *et seq.*; and,

7. For such other and further relief as the Court may deem equitable and appropriate.

## As to the Second Cause of Action

1. For all actual, consequential, and incidental losses and damages, according to proof;

2. For general unpaid wages pursuant to California Labor Code § 223 and such general and special damages as may be appropriate;

3. For pre-judgment interest on any unpaid wages;

- 17 -
CLASS ACTION COMPLAINT

1  4. For any and all other statutory relief available; and,

2  5. For any civil penalties owed to the Labor and Workforce Development Agency as

3 pursuant to California Labor Code section 2698 *et seq.*

4  6. For such other and further relief as the Court may deem equitable and appropriate.

5      As to the Third Cause of Action

6  1. For wages pursuant to California Labor Code section 226.7(b);

7  2. For reasonable attorneys' fees and costs of suit incurred herein;

8  3. For any and all civil penalties owed to the Labor and Workforce Development

9 Agency as pursuant to California Labor Code section 2698 *et seq.*; and

10  4. For such other and further relief as the Court may deem appropriate.

11      As to the Fourth Cause of Action

12  1. For all actual, consequential and incidental losses and damages, according to proof;

13  2. For wages pursuant to California Labor Code section 226.7(b);

14  3. For reasonable attorneys' fees and costs of suit incurred herein;

15  4. For any and all civil penalties owed to the Labor and Workforce Development

16 Agency as pursuant to California Labor Code section 2698 *et seq.*; and

17  5. For such other and further relief as the Court may deem appropriate.

18      As to the Fifth Cause of Action

19  1. For all penalties pursuant to California Labor Code section 203;

20  2. For reasonable attorneys' fees and for costs of suit incurred herein;

21  3. For any and all civil penalties owed to the Labor and Workforce Development

22 Agency as pursuant to California Labor Code section 2698 *et seq.*; and

23  4. For such other and further relief as the Court may deem equitable and appropriate.

24      As to the Sixth Cause of Action

25  1. For all actual, consequential and incidental losses and damages, according to proof;

26  2. For statutory penalties pursuant to California Labor Code section 226(e);

27  3. For reasonable attorneys' fees and costs of suit incurred herein pursuant to

28

1  California Labor Code section 226(e);

2      4.      For any and all civil penalties owed to the Labor and Workforce Development

3  Agency as pursuant to California Labor Code section 2698 *et seq.*; and

4      5.      For such other and further relief as the Court may deem equitable and appropriate.

5                          As to the Seventh Cause of Action

6      1.      For all actual, consequential, and incidental losses and damages, according to

7  proof;

8      2.      For the reimbursement of out of pocket expenses incurred during the discharge of

9  duties pursuant to California Labor Code sections 2800 and 2802.

10     3.      For reasonable attorneys' fees and costs of suit incurred herein;

11     4.      For any civil penalties owed to the Labor and Workforce Development Agency as

12  pursuant to California Labor Code section 2698 et seq.; and,

13     5.      For such other and further relief as the Court may deem appropriate.

14                         As to the Eighth Cause of Action

15     1.      For all actual, consequential, and incidental losses and damages, according to

16  proof;

17     2.      For all penalties pursuant to California Labor Code section 203;

18     3.      For reasonable attorneys' fees and costs of suit incurred herein;

19     4.      For any civil penalties owed to the Labor and Workforce Development Agency as

20  pursuant to California Labor Code section 2698 et seq.; and,

21     5.      For such other and further relief as the Court may deem appropriate.

22                         As to the Ninth Cause of Action

23     1.      For restitution of unpaid wages to all class members and prejudgment interest from

24  the day such amounts were due and payable;

25     2.      For the appointment of a receiver to receive, manage and distribute any and all

26  funds disgorged from DEFENDANT and determined to have been wrongfully acquired by

27  DEFENDANT as a result of violations of California Business & Professions Code sections 17200

28

1 | et seq.;

2 |     3.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

3 | California Code of Civil Procedure section 1021.5;

4 |     4.    For injunctive relief to ensure compliance with this section, pursuant to California

5 | Business & Professions Code sections 17200, et seq.; and

6 |     5.    For such other and further relief as the Court may deem equitable and appropriate.

7 |

8 | DATED: December 19, 2013    Respectfully submitted

9 |     KAWAHITO SHRAGA & WESTRICK LLP

10 |

11 | By: _____
    SHAWN C. WESTRICK

12 |     TIMOTHY P. HENNESSY
    Attorneys for Plaintiff/Class Members

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>ABILENE MOTOR EXPRESS, INC., a Virginia corporation, and<br>DOES 1-10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>LARRY GRAVESTOCK, individually, and on behalf of other members<br>of the general public similarly situated, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**12/19/2013** at 03:46:59 PM<br>Clerk of the Superior Court<br>By Irma Cook, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court | **CASE NUMBER:**<br>*(Nº)* 30-2013-00694515-CU-OE-CXC |

751 West Santa Ana Blvd.
Santa Ana, CA 92701

Judge Nancy Wieben Stock

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kawahito Shraga & Westrick LLP., 1990 South Bundy Drive, Los Angeles, CA 90025 (310) 746-5300

| | | | |
|---|---|---|---|
| DATE: 12/19/2013<br>*(Fecha)* | Alan Carlson | Clerk, by *(Secretario)* ___ *Irma Cook* | Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ORIGINAL

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )<br>Larry Gravestock | **DEFENDANTS** ( Check box if you are representing yourself ☐ )<br>Abilene Motor Express, Inc. |
| **(b)** County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant Richmond, VA<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Kawahito Shraga & Westrick LLP<br><br>1990 S. Bundy Drive, Suite 280<br>Los Angeles, CA 90025<br>(310) 746-5300 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Lewis Brisbois Bisgaard & Smith LLP<br>221 N. Figueroa Street, Suite 1200<br>Los Angeles, CA 90012<br>(213) 250-1800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** > 75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1441(a) - Removal is proper based on diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: SACV14-170

CV-71 (11/13)                              CIVIL COVER SHEET                              Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes   ☒ No | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western Division |

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, __and__ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____  DATE: 2/5/2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____James V. Selna_____ and the assigned Magistrate Judge is _____Robert N. Block_____ .

The case number on all documents filed with the Court should read as follows:

## 5:14CV170 JVS RNBx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 5, 2014
Date

By  J.Prado
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[ ] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[x] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)          NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES