**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOHN L. BARBER, SB# 160317
   E-Mail: John.Barber@lewisbrisbois.com
TRACY WEI COSTANTINO, SB# 192847
   E-Mail: Tracy.Costantino@lewisbrisbois.com
ANNA KIM, SB# 292082
   E-Mail: Anna.Kim@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant ABILENE
MOTOR EXPRESS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GRAVESTOCK, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ABILENE MOTOR EXPRESS, INC., a Virginia corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 8:14-cv-00170-JVS-RNB<br><br>The Hon. James V. Selna<br>Courtroom 10C<br><br>**DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice; and [Proposed] Order]<br><br>Hearing Date:  March 10, 2014<br>Hearing Time:  1:30 p.m.<br>Courtroom:  10C<br><br>Action Filed:  December 19, 2013<br>Trial Date:  None Set |

/ / /

/ / /

/ / /

4839-8201-5512.1

1

# TABLE OF CONTENTS

2

Page

3  I.     INTRODUCTION ................................................................................................2

4  II.    FACTUAL BACKGROUND...............................................................................3

5         A.    Abilene is a Motor Carrier. ......................................................................3

6         B.    Plaintiff's Third and Fourth Causes of Action Allege Violations of
                California State Meal and Rest Break Requirements.................................4
7

8  III.   LEGAL STANDARD............................................................................................6

9
   IV.    PLAINTIFF'S MEAL AND REST BREAK CLAIMS ARE PREEMPTED BY
10        THE FAAAA AND SHOULD BE DISMISSED AS A MATTER OF LAW ......7

11        A.    The Preemptive Effect of the FAAAA on Meal and Rest Break Laws
                Should be Decided a Matter of Law. .......................................................7
12
          B.    *Rowe* Dictates that State Laws Having a Significant Impact on Prices,
13              Routes, or Services are Preempted by the FAAAA ..................................8

14        C.    California's Break Laws "Relate to" Motor Carrier Services, Routes, and
                Prices....................................................................................................11
15
          D.    As a Motor Carrier, the *Rowe* and *Dilts* FAAAA Preemption Analysis
16              Applies Equally to Abilene. ...................................................................15

17 V.     CONCLUSION..................................................................................................16

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1

# **TABLE OF AUTHORITIES**

2

## FEDERAL COURT CASES

3

*Aguiar v. Cal. Sierra Express, Inc.,*
    2012 U.S. Dist. LEXIS 63348 (E.D. Cal. 2012) ............................................................. 3, 7

4

*Aguirre v. Genesis Logistics,*
    2012 U.S. Dist. LEXIS 186132 (C.D. Cal. 2012) ........................................................ 2, 3, 8

5

6

*Air Transport Ass'n of Am. v. City and County of San Francisco,*
    266 F.3d 1064 (9th Cir. 2001) ............................................................................................ 11

7

*Air Transport Ass'n of Am., Inc. v. Cuomo,*
    520 F.3d 218 (2d Cir. 2008) ................................................................................................ 15

8

9

*American Trucking Ass'n v. City of Los Angeles ("ATA II"),*
    660 F.3d 384 (9th Cir. 2011) ........................................................................................ 10, 11

10

*American Trucking Ass'ns, Inc. v. City of Los Angeles ("ATA III"),*
    133 S. Ct. 2096 (2013) ......................................................................................................... 10

11

12

*Angeles v. US Airways, Inc.,*
    2013 U.S. Dist. LEXIS 22423 (N.D. Cal. Feb. 19, 2013) ................................................ 14

13

*Beliveau v. Caras,*
    873 F. Supp. 1393 (C.D. Cal. 1995) ................................................................................... 6

14

15

*Bell v. Hood,*
    327 U.S. 678 (1946) ............................................................................................................... 6

16

*Californians for Safe and Competitive Dump Truck Transp. v. Mendonca,*
    152 F. 3d 1184 (9th Cir. 1998) ............................................................................................ 7

17

18

*Campbell v. Vitran Express, Inc.,*
    2012 U.S. Dist. LEXIS 85509 (C.D. Cal. 2012) .................................................. 3, 8, 11, 13

19

*Cole v. CRST, Inc.,*
    2012 U.S. Dist. LEXIS 144944 (C.D. Cal. 2012) ........................................................ 3, 7, 8

20

21

*Dan's City Used Cars v. Pelkey,*
    133 S. Ct. 1769 (2013) ........................................................................................................... 7

22

*De La Cruz v. Tormey,*
    582 F. 2d 45 (9th Cir. 1978) ................................................................................................. 6

23

24

*Difiore v. American Airlines, Inc.,*
    646 F. 3d 81 (1st Cir. 2011), *cert. denied,* 132 S. Ct. 761 (2001) ..................................... 14

25

*Dilts v. Penske Logistics LLC,*
    819 F. Supp. 2d 1109 (S.D. Cal. 2011) ..................................... 2, 4, 8, 10, 11, 12, 13, 14, 15

26

27

*Esquivel v. Vistar Corp.,*
    2012 U.S. Dist. LEXIS 26686 (C.D. Cal. 2012) ............................................................. 3, 7

28

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Groten v. California,*
  251 F.3d 844 (9th Cir 2001) ............................................................................6

*Moore v. City of Costa Mesa,*
  886 F.2d 260 (9th Cir. 1989) ..........................................................................6

*Morales v. TransWorld Airlines,*
  504 U.S. 374 (1992) ....................................................................................9, 10

*Moran v. Peralta Comty. Coll. Dist.,*
  825 F. Supp. 891 (N.D. Cal. 1993) ................................................................6

*Rowe v. N.H. Motor Transp. Ass'n,*
  552 U.S. 364 (2008) ............................................2, 8, 9, 10, 11, 12, 13, 14, 15

*Strigliabotti v. Franklin Resources, Inc.,*
  398 F. Supp. 2d. 1094 (N.D. Cal. 2005) .......................................................6

*Transphase Sys., Inc. v. S. Cal. Edison Co.,*
  839 F. Supp. 711 (C.D. Cal. 1993) ...............................................................6

*Zinermon v. Burch,*
  494 U.S. 113 (1990) ......................................................................................6

### STATE COURT CASES

*Brinker v. Superior Court,*
  53 Cal. 4th 1004 (2012) .............................................................................4, 12

### FEDERAL STATUTES

28 U.S.C. § 1441(a) ..........................................................................................6

49 U.S.C. § 14501(c) (1)................................................................................2, 7

### STATE STATUTES

Cal. Code Regs..............................................................................................4, 5

Cal. Code Regs. Tit. 13, § 2485l......................................................................5

Cal. Lab. Code §226.7 .....................................................................................4

Cal. Lab. Code § 512 .......................................................................................5

Cal. Veh. Code § 21718(a) ..............................................................................5

Cal. Veh. Code § 22500 ...................................................................................5

Cal. Veh. Code § 22505 ...................................................................................5

Lab. Code § 512...............................................................................................5

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## FEDERAL RULES AND REGULATIONS

2

49 C.F.R. §392.14 ................................................................................................5

3

49 C.F.R. §395.3(a)(3)(ii) (effective July 1, 2013) ...........................................4

4

49 C.F.R. §397.7 ................................................................................................5

5

76 Fed. Reg. at 81134 ........................................................................................4

6

Fed. R. Civ. P. 12 (b)(6) ..................................................................................1, 6

7

Hours of Service of Drivers, 76 Fed. Reg. 81134 (Dec. 27, 2011) ...................4

8

Local Rule 7-3 ....................................................................................................1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1 | TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that on March, 10, 2014, at 1:30 p.m., or as soon

3 | thereafter as the matter may be heard, in Courtroom No. 10C of the United States

4 | District Court for the Central District of California, located at 411 West Fourth

5 | Street, Santa Ana, CA 92701, Defendant Abilene Motor Express, Inc. ("Abilene")

6 | will, and does hereby, move the Court pursuant to *Federal Rule of Civil Procedure*

7 | 12(b)(6) for dismissal with prejudice of Plaintiff's third and fourth causes of action

8 | for failure to provide meal and rest breaks on the ground that they are preempted

9 | under federal law.

10 |     This Motion is based on this Notice and Motion, the accompanying

11 | Memorandum of Points and Authorities, the pleadings and papers on file with the

12 | Court in this matter, all other matters of which the Court properly may take judicial

13 | notice, and any other evidence or argument as the Court may consider.

14 |     This Motion is made following advising Plaintiff, pursuant to *Local Rule* 7-3,

15 | that this Motion would be filed.

16 |

17 | DATED: February 11, 2014        Respectfully submitted,

18 |

19 |                   **LEWIS BRISBOIS BISGAARD & SMITH LLP**

20 |

21 |

22 |                 By: _____

23 |                   John L. Barber

24 |                   Tracy Wei Costantino

                  Anna Kim

25 |                   Attorneys for Defendant Abilene Motor

                  Express, Inc.

26 |

27 |

28 |



4839-8201-5512.1

1

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Abilene Motor Express, Inc. ("Abilene") is a motor carrier headquartered in Richmond, Virginia, that transports freight of all kinds, including machinery, building materials, paper products, and refrigerated food.  Plaintiff Larry Gravestock ("Plaintiff") is a former driver for Abilene.  Plaintiff filed this putative class action against Abilene asserting various wage-and-hour violations under California law, including, *inter alia,* Abilene's alleged failure to provide meal and rest periods and derivative claims based on that allegation.

Abilene moves to dismiss Plaintiff's claims that arise from the alleged meal and rest break violations on the ground that these claims are preempted by the Federal Aviation Administration Authorization Act ("FAAAA").  The FAAAA preempts state laws "having a connection with, or reference to [motor] carrier rates, routes and services." *See* 49 U.S.C. § 14501(c)(1); *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008).  California's break laws are preempted as to motor carriers such as Abilene under the FAAAA as they directly regulate and have a "substantial effect" on the motor carriers' routes, services, and prices.  *Id.* California's break laws "a) affect routes by limiting carriers to a smaller set of possible routes to allow for stopping and breaking; b) affect services by 'dictating when services may not be performed, by increasing the time it takes to complete a delivery, and by effectively regulating the frequency and scheduling of transportation,' albeit not to an absolute degree; and c) affect price by virtue of their impact on routes and services." *Aguirre v. Genesis Logistics*, 2012 U.S. Dist. LEXIS 186132, *20-21 (C.D. Cal. 2012).

Federal district courts have thus found, almost universally, that California's rest break laws are preempted as a matter of law.  *See, e.g., Dilts v. Penske Logistics LLC*, 819 F. Supp. 2d 1109 (S.D. Cal. 2011) (appeal pending) (granting summary judgment as to drivers' break claims because they were preempted under the

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   FAAAA); *Esquivel v. Vistar Corp.*, 2012 U.S. Dist. LEXIS 26686 (C.D. Cal. 2012)

2   (granting motion to dismiss drivers' break claims because they were preempted

3   under the FAAAA); *Aguiar v. Cal. Sierra Express, Inc.*, 2012 U.S. Dist. LEXIS

4   63348 (E.D. Cal. 2012) (granting motion to dismiss drivers' break claims because

5   they were preempted under the FAAAA); *Campbell v. Vitran Express, Inc.*, 2012

6   U.S. Dist. LEXIS 85509 (C.D. Cal. 2012) (appeal pending) (granting motion for

7   judgment on the pleadings that drivers' break claims are preempted under the

8   FAAAA "as a matter of law"); *Cole v. CRST, Inc.*, 2012 U.S. Dist. LEXIS 144944

9   (C.D. Cal. 2012) (same); *Aguirre v. Genesis Logistics*, 2012 U.S. Dist. LEXIS

10  186132 (C.D. Cal. 2012) (same).

11      Because the FAAAA preempts California's break laws as a matter of law,

12  Abilene respectfully requests that this Court dismiss Plaintiff's third and fourth

13  causes of action with prejudice.

14  **II.   FACTUAL BACKGROUND**

15      **A.   Abilene is a Motor Carrier.**

16      Abilene is a Virginia-based motor carrier that has its principal place of

17  business in Virginia.  Abilene is licensed to ship various types of freight within and

18  across state lines.  *See* Request for Judicial Notice ("RJN"), Exh. 2 and Exh. 3.

19  Plaintiff, and the putative class of current and former employees that he purports to

20  represent, worked or works at Abilene as drivers.  *See* RJN, Exh. 1, Compl. ¶ 14.

21      As a motor carrier, Abilene must comply with the applicable regulations set

22  forth by the federal Department of Transportation ("DOT") and the Interstate

23  Commerce Commission, and holds licenses and permits from both agencies.  *See*

24  RJN, Exh. 2 and Exh. 3.  Abilene is also required to operate pursuant to the Hours of

25  Service ("HOS") regulations promulgated by the DOT, which regulate the hours and

26  conditions for drivers covered by the Motor Carrier Act.  *See* 49 C.F.R. Part 395.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1

3

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1

## B. Plaintiff's Third and Fourth Causes of Action Allege Violations of

2

## California State Meal and Rest Break Requirements.

3      At issue in Plaintiff's third and fourth causes of action are the requirements of

4   California law that specifically designate *when* and *how* rest breaks and meal

5   periods must be taken.[1]  *See Brinker v. Superior Court*, 53 Cal. 4th 1004, 1040-41,

6   1049 (2012).  Labor Code section 226.7 provides that "[n]o employer shall require

7   any employee to work during any meal or rest period mandated by an applicable

8   order of the Industrial Welfare Commission."  Wage Order 9-2001(11)(A), which

9   applies to the transportation industry, provides as follows:

10              No employer shall employ any person for a work period of
               more than five (5) hours without a meal period of not less
11             than 30 minutes, except that when a work period of not
               more than six (6) hours will complete the day's work the
12             meal period may be waived by mutual consent of the
               employer and the employee.
13

14   8 Cal. Code Regs. § 11090(11)(A).  Wage Order 9-2001(11)(B) further provides:

15              An employer may not employ an employee for a work
16             period of more than ten (10) hours per day without
               providing the employee with a second meal period of not
17             less than 30 minutes, except that if the total hours worked
               is no more than 12 hours, the second meal period may be
18             waived by mutual consent of the employer and the
19             employee only if the first meal period was not waived.

20

21   ─────────────────

[1] On December 27, 2011, the Federal Motor Carrier Safety Administration ("FMCSA") published
22   changes to its HOS Regulations, but postponed carrier compliance with many of the changes until
     July 1, 2013.  *Hours of Service of Drivers*, 76 Fed. Reg. 81134 (Dec. 27, 2011).  The newly-
23   amended HOS Regulations add a federal requirement, stating that covered drivers must receive a
     single 30-minute off-duty break that the driver may take at any time, so long as he does not drive
24   after eight consecutive hours on duty without a break.  49 C.F.R. § 395.3(a)(3)(ii) (effective July
     1, 2013).  Under the new regulations, that break can be taken at the time of the driver's choosing,
25   and thus, "[d]rivers will have great flexibility in deciding when to take a break."  76 Fed. Reg. at
     81134; 81136.  Thus, to the extent that covered motor carriers, such as Abilene, are obligated to
26   comply with the DOT's HOS Regulations, California's more restrictive requirements would be
     preempted as they are in direct conflict with the federal requirements.  *See Dilts*, 819 F. Supp. 2d
27   at 1116 ("Federal law may preempt state law under the supremacy clause either by express
     provision, by implication, or by a conflict between federal and state law.").

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1                                                    4

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1  8 Cal. Code Regs. § 11090(11)(B); Lab. Code § 512.  In addition to meal periods,

2  Wage Order 9-2001 provides that an employer must authorize 10-minute rest breaks

3  for each four hours (or a major fraction thereof) worked.  *See* 8 Cal. Code Regs.

4  § 11090(12)(A).

5      California's meal and rest break laws thus require that motor carrier services

6  cease at certain times of the day and for certain periods of time, in order for drivers

7  to complete the mandated meal and rest breaks.  *See* Cal. Lab. Code § 512; 8 Cal.

8  Code Regs. § 11090(12)(A).  In a 10-hour period, this would amount to two 30-

9  minute meal breaks and three 10-minute rest breaks—a total of 1 ½ hours, or about

10  15 percent of the work day during which the drivers are not permitted to provide

11  services and must exit their routes.  *See id.*  Moreover, Abilene's trucks cannot

12  simply pull over wherever they happen to be, but are required to drive to certain

13  areas, possibly off their direct route, that can legally accommodate such trucks, and

14  the drivers must locate those places for each of the potential five meal and/or rest

15  breaks, thus adding additional down time to the 1 ½ hours of breaks.[2]  These

16  restrictions conflict with the HOS regulations that are uniformly applied and

17  necessarily require motor carriers to modify their delivery schedules and routes

18  when servicing customers in California.  In turn, interference with a motor carrier's

19  routes and services also impacts their pricing.

20     **C.**    **Removal to Federal Court.**

21      On February 5, 2014, Abilene removed the action to federal court on the basis

22

23

24  [2] California prohibits certain trucks from idling for more than 5 minutes at a time.  Cal. Code Regs. Tit. 13, § 24851; *see e.g.*, Cal. Veh. Code § 21718(a) (prohibiting stopping on the freeway except under limited circumstances, such as when a vehicle becomes disabled); Cal. Veh. Code §

25  22500; § 22502 (restricting locations that vehicles may be parked); Cal. Veh. Code § 22505 (authorizing state authorities to prohibit the stopping or parking of vehicles exceeding six feet in

26  height in areas that would be "dangerous to those using the highway"); *see also* 49 C.F.R. § 392.14 (imposing a duty on commercial motor vehicle operators to use "extreme caution" when

27  hazardous weather conditions exist); 49 C.F.R. § 397.7; § 397.69 (restricting the parking of and authorizing local restrictions on the routing of vehicles carrying hazardous materials).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   of diversity jurisdiction pursuant to 28 U.S.C. § 1441(a).  [Docket No. 1].

2   **III.   LEGAL STANDARD**

3       A Rule 12(b)(6) motion under the Federal Rules of Civil Procedure tests the

4   legal sufficiency of the claims asserted in a complaint.  The court must decide

5   whether the facts alleged, if true, would entitle the plaintiff to some form of legal

6   remedy.  *De La Cruz v. Tormey*, 582 F. 2d 45, 48 (9th Cir. 1978).  For purposes of

7   such a motion, the court assumes as true all well-pleaded facts in a complaint and

8   attached exhibits and views them in a light most favorable to the plaintiff.  *Zinermon*

9   *v. Burch*, 494 U.S. 113, 118 (1990).  The court need not, however, accept as true

10   legal characterizations, conclusory allegations, unreasonable inferences, or

11   unwarranted deductions of fact.  *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F.

12   Supp. 711, 718. (C.D. Cal. 1993); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395-96

13   (C.D. Cal. 1995).

14       Dismissal is proper where "it appears beyond doubt that plaintiff can prove no

15   set of facts in support of his claim which would entitle him to relief."  *Moore v. City*

16   *of Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).  Similarly, dismissal is proper

17   where an affirmative defense or other bar to relief is apparent from the face of the

18   complaint.  *Groten v. California*, 251 F.3d 844, 851 (9th Cir 2001).  Further, where

19   a complaint alleges several distinct claims for relief, it is common practice to apply

20   Rule 12(b)(6) to individual causes of action.  *Moran v. Peralta Comty. Coll. Dist.*,

21   825 F. Supp. 891, 894-95 (N.D. Cal. 1993); *Strigliabotti v. Franklin Resources, Inc.*,

22   398 F. Supp. 2d. 1094, 1097 (N.D. Cal. 2005).  The sole issue raised by a Rule

23   12(b)(6) motion is whether the facts pleaded, if established, would support a valid

24   claim for relief.  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

25       Under the legal standard for a Rule 12(b)(6) motion, Plaintiff has not and

26   cannot allege facts sufficient to support a claim for a violation of California's meal

27   and rest break laws.

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1

6

**IV.  PLAINTIFF'S MEAL AND REST BREAK CLAIMS ARE PREEMPTED BY THE FAAAA AND SHOULD BE DISMISSED AS A MATTER OF LAW**

**A.  The Preemptive Effect of the FAAAA on Meal and Rest Break Laws Should be Decided a Matter of Law.**

In 1994, Congress enacted the FAAAA to eliminate the "patchwork" of state regulation of motor carriers "which caused significant inefficiencies, increased costs, reduction of competition, inhibition of innovation and technology, and curtail[ed] the expansion of markets." *See Californians for Safe and Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1187 (9th Cir. 1998) (quoting H.R. Conf. Rep. No. 103-677, at 86-88 (1994)). *See also Dan's City Used Cars v. Pelkey*, 133 S. Ct. 1769, 1780 (2013) (adopting the "patchwork" analysis in determining that New Hampshire's law regarding the storage of towed vehicles was not preempted). The FAAAA provides that the States "may not enact or enforce a law, regulation, or other provision . . . related to a price, route or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c) (1).

For the FAAAA to be effective in achieving its purpose of unifying regulation of motor carriers across the country, preemption determinations must not be made on a carrier-by-carrier basis, but must instead be made industry-wide with respect to a particular challenged law. Because this determination rests on the potential impact of the challenged law, rather than its actual impact on any particular motor carrier, it is appropriate for determination as a matter of law by demurrer. "Evidence outside the pleadings . . . is not necessary to determine whether the Meal and Rest Break Laws have an impact on prices, routes, or services," *Cole*, 2012 U.S. Dist. LEXIS 144944 at *12-17 ; *see, e.g., Esquivel*, 2012 U.S. Dist. LEXIS 26686 at *14-15 (granting motion to dismiss drivers' break claims because they are preempted under the FAAAA); *Aguiar*, 2012 U.S. Dist. LEXIS 63348 at *2-3 (granting motion to dismiss drivers' break claims because preempted under the FAAAA); *Campbell*,

1  2012 U.S. Dist. LEXIS 85509 at *9-10 (granting motion for judgment on the

2  pleadings that drivers' break claims are preempted under the FAAAA "as a matter

3  of law"); *Cole*, 2012 U.S. Dist. LEXIS 144944 at *12-17 (same); *Aguirre*, 2012 U.S.

4  Dist. LEXIS 186132 at *12-21 (same).

5  It is the "imposition of substantive standards upon a motor carrier's routes

6  and services . . . that implicates preemption here," not the exact nature of the motor

7  carrier's delivery structure. *See Dilts*, 819 F. Supp. 2d at 1119-20. Thus, because

8  the preemption issue is a legal one, this Court can and should dismiss Plaintiff's

9  meal and rest break claims as a matter of law.

10  **B.    *Rowe* Dictates that State Laws Having a Significant Impact on**

11  **Prices, Routes, or Services are Preempted by the FAAAA.**

12  Federal pre-emption occurs when either "(1) a Congressional statute explicitly

13  pre-empts state law, (2) state law actually conflicts with federal law, or (3) federal

14  law occupies a legislative field to such an extent that one can reasonably conclude

15  that Congress left no room for state regulation in that field." *Campbell*, 2012 U.S.

16  Dist. LEXIS 85509 at *2. According to the Supreme Court, the following four

17  principles govern the preemptive reach of the FAAAA:

18  (1) that "[s]tate enforcement actions *having a connection*

19  *with, or reference to*," carrier prices, routes, or services are
    preempted; (2) that such preemption may occur even if a

20  state law's effect on prices, routes, or services "is only

21  indirect"; (3) that with respect to preemption, it does not
    matter whether a state law is consistent or inconsistent

22  with federal regulation; and (4) that preemption occurs "at

23  least where state laws have a 'significant impact' related to
    Congress' deregulatory and pre-emption related

24  objectives."

25

26  *Rowe*, 552 U.S. at 370-71 (emphasis in original; internal quotation marks removed).

27  At issue in *Rowe* was a law passed by the State of Maine aimed at preventing

28  tobacco sales to minors, which forbade licensed tobacco retailers from employing a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1                                                8
DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1  "delivery service," unless it complied with particular delivery procedures. *Id.* at

2  372. The Court found that Maine's law would produce the very effect that the

3  FAAAA sought to avoid—namely, the substitution of its own governmental

4  commands for "competitive market forces" in determining the services that motor

5  carriers will provide. *Id.*

6        Maine argued to the Supreme Court that its tobacco regulation would "impose

7  no significant costs upon carriers" and that, therefore, the effect of its regulation on

8  prices, routes, and services was not "significant" for purposes of FAAAA

9  preemption analysis. *Rowe*, 552 U.S. at 373. The Supreme Court found Maine's

10  argument to be "off the mark" because the forbidden "significant impact" is not

11  limited to those state laws that would impose a significant *cost.* *Id.* Rather, a state's

12  law has a "significant impact" on prices, routes, or services if its "'*effect*' is

13  'forbidden' under federal law." *Id.* at 375 (*citing Morales v. TransWorld Airlines*,

14  504 U.S. 374, 390 (1992) (emphasis added)). As such, the Supreme Court did not

15  base its decision on whether a particular carrier could comply with the Maine

16  statute. Instead, because Maine's law forced carriers to provide a service that they

17  "do not (or in the future might not) wish to provide," which is contrary to the

18  purpose of the FAAAA, the effect of Maine's law was "significant" and, for that

19  reason, preempted. *Id.* at 373. The Court concluded:

20

21          To allow Maine to insist that the carriers provide a special
        checking system [for tobacco products] would allow other

22          States to do the same. And to interpret the federal law to
        permit these, and similar, state requirements could easily

23          lead to a *patchwork of state service-determining laws,*
        *rules, and regulations.* That state regulatory patchwork is

24          inconsistent with Congress' major legislative effort to
        leave such decisions, where federal unregulated, to the

25          competitive marketplace.

26  *Id.* (emphasis added). The Supreme Court thus held that, even if the statute did not

27  *directly* regulate carriers, and even if the costs the statute imposed on the

28  transportation industry (or on any particular carrier) were insignificant, the statute

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   was still preempted. *Id.* at 376; *Dilts*, 819 F. Supp. 2d at 1119-20 (noting that this

2   is not an "increased cost of business" issue and that no factual analysis is required to

3   answer the preemption question); *see also American Trucking Ass'ns, Inc. v. City of*

4   *Los Angeles* ("*ATA III*"), 133 S. Ct. 2096, 2103 (2013) (observing that the public

5   entity's "intentions are not what matters" in holding that placard and parking plan

6   requirements imposed on drayage truckers by the Port of Los Angeles are preempted

7   by the FAAAA).

8        The Supreme Court has acknowledged that "federal law *might* not pre-empt

9   state laws that affect fares in only a 'tenuous, remote, or peripheral . . . manner,'

10  such as state laws forbidding gambling." *Rowe*, 552 U.S. at 371 (emphasis added).

11  Likewise, a "state regulation that broadly prohibits certain forms of conduct and

12  affects, say, truck drivers, only in their capacity as members of the public (*e.g.*, a

13  prohibition on smoking in certain public places)," might not be preempted. *Rowe*,

14  552 U.S. at 375. However, the California meal and rest break requirements at issue

15  here are not tenuous, remote, or peripheral, nor are they based on prohibitions

16  related to the drivers only as members of the public. Thus, these California

17  requirements are preempted.

18       Moreover, the Ninth Circuit has recognized that federal preemption under the

19  FAAAA may occur even when the effect on rates, routes, and services is indirect.

20  *American Trucking Ass'n v. City of Los Angeles* ("*ATA II*"), 660 F.3d 384, 396 (9th

21  Cir. 2011) (overruled on other grounds). In reversing *ATA II*, however, the U.S.

22  Supreme Court concluded that the following two requirements imposed by the Port

23  of Los Angeles were within the scope of the FAAAA and preempted by it: (1) that

24  drayage truckers display a placard with a phone number to report unsafe or

25  environmental concerns ("You've seen the type: 'How am I driving? 213-867-

26  5309'") and (2) that drayage truckers submit a plan listing off-site off-duty parking

27  locations for each truck. *See ATA III*, 133 S. Ct. at 2100. Because of the FAAAA's

28  broad preemptive scope, in "borderline" cases, where the effect of the regulation

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1                                      10
DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1   may be close to merely "tenuous" or "remote," the Ninth Circuit has held that "the
2   proper inquiry is whether the provision, directly or indirectly, "binds the . . . carrier
3   to a particular price, route or service and thereby interferes with competitive market
4   forces within the . . . industry." *ATA II*, 660 F.3d at 397 (citing *Air Transport Ass'n*
5   *of Am. v. City and County of San Francisco*, 266 F.3d 1064, 1071 (9th Cir. 2001)).
6   Here, California's meal and rest break requirements do indeed bind carriers, such as
7   Abilene, to prices, routes, or services which interfere with competitive market
8   forces. *See Dilts*, 819 F. Supp. 2d 1118-19 ("While [California's meal and rest
9   break laws] do not strictly bind Penske's drivers to one particular route, they have
10  the same effect by depriving them of the ability to take any route that does not offer
11  adequate locations for stopping, or by forcing them to take shorter or fewer routes.
12  In essence, the laws bind motor carriers to a smaller set of possible routes.").

13        **C.    California's Break Laws "Relate to" Motor Carrier Services,**
14              **Routes, and Prices.**

15        "State enforcement actions having a connection with, or reference to [motor]
16  carrier rates, routes and services are pre-empted." *Rowe*, 552 U.S. at 370-71.
17  California's restrictive break laws clearly "relate to" motor carrier service, routes, or
18  prices. The "services" of a motor carrier "refers to 'the frequency and scheduling of
19  transportation, and to the selection of markets to or from which transportation is
20  provided.'" *Campbell*, 2012 U.S. Dist. LEXIS 85509 at * 7 (quoting *ATA II*, 660
21  F.3d at 397). "Rates" of a motor carrier "refers to the prices it charges for services,"
22  and "routes" refer to the "courses of travel used by the motor carrier." *Id.*

23        California break laws require an off-duty 30-minute meal break "no later than
24  the start of an employee's fifth hour of work," a second off-duty 30-minute meal
25  break "after no more than 10 hours of work," and a 10-minute rest break every four
26  hours throughout the workday (or major fraction thereof). *Brinker*, 53 Cal. 4th at
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1                                          11
DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1 | 1041.[3] These break requirements amount to an effective reduction in a driver's
2 | service time by 15 percent each day, not including the special routing and additional
3 | time it takes him or her to find appropriate locations to park the truck during each
4 | break interval.

5 | In *Dilts*, a district court applied the *Rowe* analysis to a class action brought by
6 | Penske drivers who were transporting and installing Whirlpool appliances purely
7 | intrastate. *Dilts*, 819 F. Supp. 2d at 1109. There, the court held that the FAAAA
8 | preempted California's meal and rest break laws, even as to drivers involved in only
9 | the intrastate transportation of goods, and the district court's analysis appropriately
10 | focused on the likely effect of the law on the motor carrier industry more generally.
11 | *Id.*

12 | With respect to "routes," the district court found that California's "fairly rigid
13 | meal and break requirements impact the types and lengths of routes that are
14 | feasible" insofar as drivers would be required to make at least five stops, at specified
15 | times, during a 12-hour workday. *Id.* at 1118. The court also concluded that the
16 | laws "necessarily forced drivers to alter their routes daily while searching out an
17 | appropriate place to exit the highway, [and] locating stopping places that safely and
18 | lawfully accommodate their vehicles." *Id.*

19 | 
20 | 
21 | 
22 | 
> While the laws do not strictly bind Penske's drivers *to* one particular route, they have the same effect by depriving them of the ability to take any route that does not offer adequate locations for stopping, or by forcing them to take shorter or fewer routes. In essence, the laws bind motor carriers to a smaller set of possible routes.

23 | *Id.* at 1118-19. Accordingly, the district court found that California's break laws
24 | had the prohibitive "significant effect" on routes. *Id.* This analysis would apply
25 | identically to Abilene's drivers, who would face an analogous constraint on their

26 |
27 | [3] These rigid meal and break requirements are far more restrictive than the HOS Regulations published by the FMCSA.
28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1

12

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1  possible routes by virtue of the timing and imposition of California's meal and rest
2  break requirements.

3      The *Dilts* district court likewise found that California's break laws had a
4  significant effect on services. *Id.* Specifically, because the break laws require an
5  off-duty 10-minute rest break every four hours or a major fraction thereof
6  (preferably in the middle of the four-hour break) and an off-duty 30-minute meal
7  break every five hours, "by virtue of simple mathematics," the laws "reduce the
8  amount of on-duty work time allowable to drivers and thus reduce the amount and
9  level of service Penske can offer its customers without increasing its workforce and
10 investment in equipment." *Dilts*, 819 F. Supp. 2d at 1119; *see also Campbell*, 2012
11 U.S. Dist. LEXIS 85509 at *9 ("When employees must stop and take breaks, it takes
12 longer to drive the same distance . . . ."). Using the Ninth Circuit's definition of
13 "services," the district court found that "the length and timing of meal and rest
14 breaks seems directly and significantly related to such things as the *frequency and*
15 *scheduling* of transportation." *Dilts*, 819 F. Supp. 2d at 1119 (emphasis added).

16     The *Dilts* district court discussed that these ramifications on Penske's routes
17 and services contributed to a significant impact on price. Specifically, the *Dilts*
18 district court held that the California regulations were not an "increased cost of
19 business" issue. That is, the regulations affect the services provided beyond just the
20 assertion that increased costs indirectly trickle down to prices, routes and services.

21
22          The key ... is that to allow California to insist exactly when
          and for exactly how long carriers provide breaks for their
          employees would allow other States to do the same, and to
23          do so differently. "And to interpret the federal law to
          permit these, and similar, state requirements could easily
24          lead to a patchwork of state service-determining laws,
          rules, and regulations."
25

26 *Id.* at 1120 (quoting *Rowe*, 552 U.S. at 373). California's break laws therefore
27 impose "substantive restrictions upon the breaks taken by motor carrier drivers and
28 drivers' helpers, which binds the motor carriers to a set of routes, services,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1                                                    13
DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1   schedules, origins, and destinations that it otherwise would not be bound to—

2   thereby interfering with the competitive market forces in the industry." *Id.* at 1122.

3   It is exactly this type of interference that "Congress sought to avoid with the

4   preemption clause that specifically prohibits state regulation related to prices, routes

5   and services." *Id.*

6       Courts using the *Dilts* analysis have consistently held that the FAAAA, as a

7   matter of law, preempts California's meal and rest break laws as applied to motor

8   carriers because of the direct effects these laws necessarily have on a motor carrier's

9   routes and services. *See infra*, Section I.

10      Likewise, a district court using the same preemption analysis in the context of

11  airline regulation recently granted a motion to dismiss, holding that California's

12  meal and rest break laws are preempted as a matter of law as to airline ramp agents

13  under the Airline Deregulation Act ("ADA"). *See Angeles v. US Airways, Inc.*,

14  2013 U.S. Dist. LEXIS 22423, *25-30 (N.D. Cal. Feb. 19, 2013). In *Angeles*, the

15  airline argued that ramp agents' duties, including cleaning, fueling, and ramp-related

16  services to airplanes that service passengers, "directly impact[] airline schedules and

17  the point-to-point transportation of passengers and cargo, and therefore are

18  'services' under the Airline Deregulation Act." *Id.* at *28. The district court held

19  that a ramp agent's "responsibility directly impacts the transportation of passengers

20  and cargo, and therefore to enforce state meal period and rest break regulations

21  would impermissibly regulate an air carrier's service." *Id.* at *29; *see also*

22  *Blackwell v. Skywest Airlines, Inc.*, 2008 U.S. Dist. LEXIS 97955, *42-54 (summary

23  judgment holding that the ADA preempts California's break laws as to airline

24  customer service representatives). Indeed, after *Rowe*, a number of courts outside of

25  California have held that the ADA preempts various wage and hour laws. *See, e.g.*,

26  *Difiore v. American Airlines, Inc.*, 646 F. 3d 81, 88 (1st Cir. 2011), *cert. denied*, 132

27  S. Ct. 761 (2001) (wage claim under "tips law" was preempted by the ADA because

28  "the tips law as applied here directly regulates how an airline *service* is performed . .

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1                                    14
DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

1  . not merely how the airline behaves as an employer" (emphasis added)); *Air*

2  *Transport Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218 (2d Cir. 2008) (passenger "bill

3  of rights" law Airline Deregulation Act-preempted).

4      The significance of *Dilts*, and the cases following *Dilts*, is the recognition that

5  for the FAAAA to be effective, preemption determinations must not be made on a

6  carrier-by-carrier basis, but must instead be made industry-wide. *Dilts*, 819 F. Supp.

7  2d at 1119-20.  Thus, the same analysis that led to preemption of California's meal

8  and rest periods as to Penske (*Dilts*), Vitran (*Campbell*), and many other carriers

9  that have been parties to suits in which the courts considered this issue dictates the

10  same result as to Abilene.  Certainly, the same law cannot be preempted as to only

11  some motor carriers operating in California and not as to others.

12      **D.    As a Motor Carrier, the *Rowe* and *Dilts* FAAAA Preemption**

13          **Analysis Applies Equally to Abilene.**

14      The *Dilts* FAAAA preemption analysis applies equally to Abilene because the

15  facts of the *Dilts* case are indistinguishable in any relevant way from the facts of the

16  present action against Abilene.  In *Dilts*, the plaintiffs represented a class of delivery

17  drivers and installers who would pick up Whirlpool appliances from the warehouse

18  and deliver them to a regional distribution center or to the customer for installation

19  by the driver and the installer. *Dilts*, 819 F. Supp. 2d at 1109.  Similarly, here,

20  Plaintiff seeks to represent a class of drivers who transport freight from and to

21  various locations within California. *See* RJN, Exh. 1, Compl. ¶¶ 6, 14.  Because, as

22  discussed above, California's break laws dictate *when* motor carrier services may (or

23  may not) be provided, *which* routes motor carriers must travel upon (or when they

24  must leave their route to take a break), and *how* motor carrier prices are to be

25  determined, this Court should follow the *Dilts* holding that California's meal and

26  rest break laws are preempted by the FAAAA.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **V.    CONCLUSION**

2          California's meal and rest break laws are preempted by the FAAAA because

3  the break laws have a "significant effect" on the services, routes, and prices of motor

4  carriers.  As such, Plaintiff's third and fourth causes of action, including all relevant

5  "counts" premised on violations of California's meal and rest break laws, should be

6  dismissed with prejudice.

7

8  DATED: February 11, 2014          Respectfully submitted,

9
                                     **LEWIS BRISBOIS BISGAARD & SMITH**
10                                   **LLP**

11

12

13                                   By: _____
                                         John L. Barber
14                                       Tracy Wei Costantino
                                         Anna Kim
15                                       Attorneys for Defendant Abilene Motor
16                                       Express, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## FEDERAL COURT PROOF OF SERVICE

2  Larry Gravestock v. Abilene Motor Express, Inc. - File No. 32571.145

3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4      At the time of service, I was over 18 years of age and not a party to the action.
My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA
5  90012. I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

6

    On February //, 2014, I served the following document(s): **DEFENDANT**
7  **ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF LARRY GRAVESTOCK'S MEAL AND**
8  **REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6); MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

9

    I served the documents on the following persons at the following addresses
10  (including fax numbers and e-mail addresses, if applicable):

11  Shawn C. Westrick, Esq.              Attorneys for Plaintiff and Class
   E-mail:                                  Members
12  Timothy P. Hennessy, Esq.          LARRY GRAVESTOCK
   E-mail:
13  KAWAHIT SHRAGA & WESTRICK
LLP
14  1990 S. Bundy Drive, Suite 280
Los Angeles, California 90025
15  Telephone: (310) 746-5300
Facsimile: (310) 593-2520

16

17      The documents were served by the following means:

18  ☒    (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an
    agreement of the parties to accept service by e-mail or electronic transmission, I caused the
19      documents to be sent from e-mail address jennie.gonzalez@lewisbrisbois.com _____
    to the persons at the e-mail addresses listed above. I did not receive, within a reasonable
20      time after the transmission, any electronic message or other indication that the transmission
    was unsuccessful.

21

    I declare under penalty of perjury under the laws of the United States of
22  America and the State of California that the foregoing is true and correct.

23  Executed on February //, 2014, at Los Angeles, California.

24

25                                   _____
                                   Jennie Gonzalez

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4839-8201-5512.1

DEFENDANT ABILENE MOTOR EXPRESS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF LARRY GRAVESTOCK'S MEAL AND REST BREAK CLAIMS PURSUANT TO FRCP 12(b)(6)