**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
TRACY WEI COSTANTINO, SB# 192847
  E-Mail: Tracy.Costantino@lewisbrisbois.com
ANNA KIM, SB# 292082
  E-Mail: Anna.Kim@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Abilene Motor Express, Inc.

**KAWAHITO SHRAGA & WESTRICK LLP**
SHAWN C. WESTRICK (BAR NO. 235313)
1990 S. Bundy Drive, Suite 280
Los Angeles, California 90025
Phone: (310) 746-5300
Fax: (310) 593-2520
E-Mail:   swestrick@kswlawyers.com

Attorneys for Plaintiff and Class Members

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GRAVESTOCK, individually, and on behalf of other members of the general public similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>ABILENE MOTOR EXPRESS, INC., a Virginia corporation, and DOES 1-10, inclusive,<br><br>  Defendants. | CASE NO. 8:14-cv-00170-JVS-RNB<br><br>The Hon. James V. Selna<br>Courtroom 10C<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hearing Date: May 19, 2014<br>Hearing Time: 1:30 p.m.<br>Courtroom:    10C<br><br>Action Filed: December 19, 2013<br>Trial Date:   None Set |

4837-0674-6139.1

Plaintiff Larry Gravestock ("Plaintiff") and Defendant Abilene Motor Express, Inc. ("Defendant"), through their respective undersigned counsel, hereby respectfully submit the following Joint Scheduling Conference Report Pursuant to Rule 26(f) ("Joint Report") for consideration by the Court. The Joint Report addresses the issues required by Federal Rule of Civil Procedure 26(f) ("Rule 26(f)"). To the extent that the parties do not agree on issues discussed herein, their respective positions on such issues are included under separate headings in this Joint Report.

Moreover, the parties request that the Court continue the Rule 26(f) Scheduling Conference to a date after the Ninth Circuit issues its ruling on the appeal in *Dilts v. Penske Logistics, LLC*. As discussed below, the parties agree that many of the issues discussed herein are premature prior to the ruling on Defendant's Motion to Dismiss, which the Court stayed pending the decision in *Dilts*.

**I.     Rule 26 Meeting of Counsel.**

On April 29, 2014, the parties held their Rule 26(f) meeting of counsel to prepare this Joint Report. Shawn Westrick of Kawahito Shraga & Westrick LLP represented Plaintiff and Tracy Wei Costantino of Lewis Brisbois Bisgaard & Smith LLP represented Defendant. The parties discussed the items identified in Fed. R. Civ. P., Rule 26(f), as well as those identified in the Court's Standing Order.

**II.    Rule 26(f) Issues.**

   **A.     Synopsis of Main Claims, Counterclaims, and/or Affirmative Defenses.**

         1.      Plaintiff's Claims

Plaintiff seeks to represent a class of truck drivers who performed work in California. Plaintiff pled nine causes of action: (1) failure to pay minimum wage; (2) failure to pay agreed upon wages; (3) failure to provide meal breaks; (4) failure to provide rest breaks; (5) failure to pay all wages at termination/discharge; (6) failure to provide accurate wage statements; (7) failure to reimburse expenses;

(8) failure to pay all vested vacation wages; and (8) unfair business practices.

Specifically, Plaintiff alleges that truck drivers are not paid for time spent waiting for their trucks, either during pick-up or drop-off or when trucks were being repaired. Truck drivers were not provided with meal breaks or rest breaks. Truck drivers incurred necessary expenses, including, but not limited to, money spent on repairs or maintenance of Defendant's trucks and that Defendant did not reimburse for these expenses. Plaintiff also alleges that Defendant had an illegal "use it or lose it" vacation policy.

Plaintiff believes that these allegations were the result of company-wide policies and practices of Defendant and that a class of truck drivers should be certified pursuant to Federal Rule of Civil Procedure 23.

2.  Defendant's Defenses

Defendant contends it properly compensated Plaintiff and that California meal and rest period laws do not apply to Plaintiff.

Defendant contends that the requirements of Rule 23 for class certification cannot be met. Without waiving any right to make additional arguments or revise the arguments based upon further information and investigation, at the appropriate time, Defendant contends that Plaintiff is an inadequate class representative, that there is no class as defined by the Complaint as Defendant did not employ more than approximately four employees in California during the class period, and that there is no commonality or typicality among its employees regarding the claims alleged in the Complaint.

**B.  Brief Description of the Key Legal Issues.**

1.  Plaintiff's Description of Key Legal Issues

At present the parties are awaiting the Ninth Circuit's decision in *Dilts v. Penske Logistics, LLC*, which addresses the preemption issue at heart of Defendant's Motion to Dismiss. Additionally, Plaintiff believes the parties will address whether there is a class of California employees. Defendant maintains that

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

there were only a handful of California employees. Plaintiff alleges that a substantially higher number of truckers worked in California, subjecting Defendant to California's wage and hour laws. Whether this issue is briefed prior to class certification is unknown at present. Plaintiff also anticipates the parties disputing whether certification is appropriate.

### 2. Defendant's Description of Key Legal Issues

Defendant asserts that the meal and rest period claims are preempted by the FAAA and that there is no putative class as Defendant did not employ more than four California employees during the purported class period.

## C. Damages

The parties find that estimating damages is premature prior to the ruling on the Motion to Dismiss.

## D. Insurance Coverage

Defendant is covered by an insurance policy for limited defense costs only and there is reservation of rights.

## E. Likelihood of Motions Seeking to Add Other Parties or to File Amended Pleadings; Motions to Transfer Venue.

It is unlikely that Plaintiff will seek to add other party defendants at this point, however, Plaintiff expressly reserves his right to do so should further investigation or discovery warrant naming additional defendants. Defendant does not anticipate adding any parties. The parties do not know whether the pleadings will need to be amended until after the Court's decision on Defendant's Motion to Dismiss. Neither party anticipates filing motions to transfer venue.

## F. Discovery and Experts

The parties find that discovery is premature prior to the ruling on Defendant's Motion to Dismiss.

///
///

1  **G.  Dispositive Motions**

2  The parties find that anticipating any such motion is premature prior to the
3  ruling on Defendant's Motion to Dismiss.

4  **H.  Settlement and Settlement Mechanism**

5  The parties find that settlement discussions are premature prior to the ruling
6  on Defendant's Motion to Dismiss.

7  **I.  Trial Estimate**

8  The parties find that this is premature prior to the ruling on Defendant's
9  Motion to Dismiss.

10  **J.  Timetable**

11  The parties find that this is premature prior to the ruling on Defendant's
12  Motion to Dismiss.

13  **K.  Other Issues**

14  None at this time.

15  **L.  Conflicts**

16  None at this time.

17  **M.  Magistrates**

18  The parties do not consent to a magistrate at this time.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

| | | |
|---|---|---|
| 1 | DATED: May 13, 2014 | Respectfully submitted, |
| 2 | | |
| 3 | | **LEWIS BRISBOIS BISGAARD & SMITH** LLP |
| 4 | | |
| 5 | | |
| 6 | | By: _____ |
| 7 | | John L. Barber |
| | | Tracy Wei Costantino |
| 8 | | Anna Kim |
| 9 | | Attorneys for Defendant Abilene Motor Express, Inc. |
| 10 | | |
| 11 | DATED: May 13, 2014 | Respectfully submitted, |
| 12 | | |
| 13 | | **KAWAHITO SHRAGA & WESTRICK LLP** |
| 14 | | |
| 15 | | By: _____ |
| 16 | | Shawn Westrick |
| 17 | | Attorneys for Plaintiff Larry Gravestock |