UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00170 JVS (RNBx) | Date | October 6, 2014 |
| Title | Larry Gravestock v. Abilene Motor Express, Inc., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers)    **Order Denying Defendant's Motion to Dismiss**

**The Court, having been informed by the parties that they submit on the Court's tentative ruling, previously issued, hereby DENIES the defendant's motion to dismiss and rules in accordance with the tentative ruling as follows:**

Defendant Abilene Motor Express, Inc. ("Abilene") moves for the dismissal of Plaintiff Larry Gravestock's ("Gravestock's") third and fourth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that these claims are preempted under the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). (Mot., Docket No. 7.) Gravestock filed a timely opposition. (Opp'n, Docket No. 13.) This Court stayed Abilene's motion to dismiss pending the Ninth Circuit's decision in Dilts v. Penske Logistics, LLC, No. 12-55705, 2014 WL 4401243 (9th Cir. Sept. 8, 2014.) Following the Ninth Circuit's decision in Dilts, Abilene filed a reply in support of its motion to dismiss and Gravestock filed a sur-reply in opposition. (See Reply, Docket No. 29; Sur-Reply, Docket No. 30.) For the following reasons, the Court **DENIES** Abilene's motion to dismiss.

**I.   BACKGROUND**[1]

---

[1] Abilene and Gravestock have both filed requests for judicial notice. (Abilene RJN, Docket No. 7-1; Gravestock RJN, Docket No. 13-1.) Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Court grants Abilene's request for judicial notice of its permit to engage in transportation as a contract carrier by motor vehicle issued by the Interstate Commerce Commission ("ICC") and the motor carrier information about Abilene maintained by the Federal Motor Carrier Safety Administration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00170 JVS (RNBx) | Date | October 6, 2014 |
| Title | Larry Gravestock v. Abilene Motor Express, Inc., et al. | | |

Gravestock previously worked for Abilene as a truck driver. (Compl. ¶¶ 17-18.) Abilene is a Virginia company that provides motor carrier transportation for freight shipments throughout the United States, including California. (Id. ¶ 6; Abilene RJN Ex. B-C.) Gravestock filed a putative class action complaint in Orange County Superior Court against Abilene on December 19, 2013. (Notice of Removal Ex. A ("Compl."), Docket No. 1.) Abilene removed the case to this Court on February 5, 2014. (Id. at 1.) Gravestock alleges that Abilene has violated multiple provisions of the California Labor Code as well as California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. (Id. ¶¶ 37-106.)

Abilene moves the Court to dismiss the meal and rest break claims asserted by Gravestock's third and fourth causes of action, arguing that California Labor Code §§ 226.7 and 512 are preempted by the FAAAA.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This

---

("FMCSA"). (Abilene RJN, Ex. B-C.) While the other documents submitted by Abilene and Gravestock are also matters of public record, the Court finds judicial notice of these documents unnecessary to its ruling on the present motion to dismiss. (Abilene RJN Ex. A, Gravestock RJN Ex. A-E.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00170 JVS (RNBx) | Date | October 6, 2014 |
| Title | Larry Gravestock v. Abilene Motor Express, Inc., et al. | | |

determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

Abilene argues that Gravestock's third and fourth causes of action are preempted by the FAAAA because California's meal and rest break laws "directly regulate and have a 'substantial effect'" on the prices, routes, or services Abilene can offer. (Mot. 2.) However, the Ninth Circuit recently addressed this precise issue in Dilts and concluded that these laws are not preempted by the FAAAA.[2]

The FAAAA states that the States "may not enact or enforce a law, regulation, or other provision . . . related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). According to the Supreme Court, the following four principles apply to preemption by the FAAAA:

> (1) that "[s]tate enforcement actions having a connection with, or reference to" carrier "'rates, routes, or services' are pre-empted," . . . (2) that such pre-emption may occur even if a state law's effect on rates, routes or services "is only indirect," . . . (3) that, in respect to pre-emption, it makes no difference whether a state law is "consistent" or "inconsistent" with federal regulation, . . . (4) that pre-emption occurs at least where state laws have a "significant impact" related to Congress' deregulatory and pre-emption related objectives.

Rowe v. N.H. Motor Transp. Ass'n, 552 U.S. 364, 370 (2008) (quoting Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383-84 (1992) (interpreting identical provision of Airline Deregulation Act of 1978, 49 U.S.C. § 1305(a)(1))). The Supreme Court also emphasized that the FAAAA does not preempt state laws that affect carrier prices, routes, or services in a "tenuous, remote, or peripheral . . . manner.'" Rowe, 552 U.S. at 371. As explained by the Ninth Circuit, the proper inquiry is whether the state law at issue

---

[2] In light of the direct applicability of the Ninth Circuit's holding in Dilts to the preemption issue raised in this case, the Court concludes that the preemption issue is ripe for determination at the pleading stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00170 JVS (RNBx) | Date | October 6, 2014 |
| Title | Larry Gravestock v. Abilene Motor Express, Inc., et al. | | |

"directly or indirectly mandate[s], prohibit[s], or otherwise regulate[s] certain prices, routes, or services." Dilts, 2014 WL 4401243, at *7 (citing Air Transp. Ass'n of Am. v. City and Cnty. of San Francisco, 266 F.3d 1064, 1072 (9th Cir. 2001)). Consequently, "generally applicable background regulations that are several steps removed from prices, routes, or services, such as prevailing wage laws or safety regulations, are not preempted, even if employers must factor those provisions into their decisions about the prices that they set, the routes that they use, or the services that they provide." Dilts, 2014 WL 4401243, at *7.

In Dilts, the Ninth Circuit applied this preemption framework to California's meal and rest break laws and concluded that they are not preempted by the FAAAA.[3] The Ninth Circuit noted that California's meal and rest break laws are "normal background rules for almost all employers doing business in the state of California." Dilts, 2014 WL 4401243, at *7 (emphasis in original). While these laws may impose some costs on motor carriers and may require minor adjustments to particular driver's routes, they "do not 'bind' motor carriers to specific prices, routes or services." Id. Consequently, the Court concluded that the laws do not meaningfully "relate to" prices, routes, or services for preemption purposes. Id.

The Ninth Circuit's holding in Dilts is directly applicable to the preemption issue raised by Abilene in its motion to dismiss. In support of its motion, Abilene argues that California's meal and rest break laws have a significant effect on prices, routes, and

---

[3] Abilene argues that this Court should disregard Dilts because its preemption analysis contradicts the decision of the Supreme Court in Northwest, Inc. v. Ginsberg, 134 S. Ct. 1422 (2014). (Sur-Reply 3-7.) The Court disagrees. Ginsberg is distinguishable because the frequent flyer credits giving rise to the breach of implied covenant claim in that case directly affected the price at which the defendant airline provided its services to the plaintiff customer. Ginsberg, 134 S. Ct. at 1433. Furthermore, the Ninth Circuit considered Ginsberg when reaching its decision in Dilts and similarly concluded that it was distinguishable. 2014 WL 4401243, at *6. The defendants in Dilts also pointed to Ginsberg in support of their petition for rehearing en banc. Petition for Rehearing En Banc at 4, Dilts, 2014 WL 4401243 (No. 12-55705). However, this petition was denied. Dilts, 2014 WL 4401243, at *1. This Court is bound by the Ninth Circuit's decision in Dilts. This includes its interpretation of the Supreme Court's holding in Ginsberg, which was squarely before the Ninth Circuit on its initial decision and on its denial of rehearing en banc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00170 JVS (RNBx) | Date | October 6, 2014 |
| Title | Larry Gravestock v. Abilene Motor Express, Inc., et al. | | |

services because they require drivers to take longer to drive a particular distance and affect their routes by forcing them to stop for breaks at locations that can lawfully accommodate their vehicles. (Mot. 11-15; Reply 6.) However, the Ninth Circuit rejected these precise arguments in Dilts. See 2014 WL 4401243, at *8-10. The Court concludes that there are no meaningful distinctions between the preemption argument raised here and by the defendants in Dilts. As such, the Court concludes that Gravestock's meal and rest break claims are not preempted by the FAAAA.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Abilene's motion to dismiss Gravestock's meal and rest break claims under Labor Code §§ 226.7 and 512.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | kjt |  |