1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
TRACY WEI COSTANTINO, SB# 192847
2 |    E-Mail: Tracy.Costantino@lewisbrisbois.com
JENNIFER M. YANG, SB# 278658
3 |    E-Mail: Jennifer.Yang@lewisbrisbois.com
633 West 5th Street, Suite 4000
4 | Los Angeles, California 90071
Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | Attorneys for Defendant ABILENE
MOTOR EXPRESS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GRAVESTOCK, individually, and on behalf of other members of the general public similarly situated, | Case No.:  8:14-cv-00170-JVS-RNB |
| Plaintiff, | **DISCOVERY MATTER** |
| vs. | **DEFENDANT'S RESPONSE TO JOINT STIPULATION RE: MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S INTERROGATORIES SET ONE** |
| ABILENE MOTOR EXPRESS, INC., a Virginia corporation, and DOES 1-10, inclusive, | Date:        TBD<br>Time:        TBD<br>Place:        TBD |
| Defendants. | Trial:        None Set |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

INTRODUCTION ………………………………………………….. 3

MEMORANDUM OF POINTS AND AUTHORITIES

I.      PLAINTIFF'S INTRODUCTION……………………………….. 3

   A.  Plaintiff's Discovery………………………………………… 3

   B.  Plaintiff's Meet and Confer Efforts………………………… 4

II.     DEFENDANT'S INTRODUCTION…………………………….. 5

III.    DISCOVERY DISPUTE………………………………………… 7

IV.     CONCLUSION………………………………………………… 24

   A.  Plaintiff's Conclusion……………………………………… 24

   B.  Defendant's Conclusion…………………………………… 24



# INTRODUCTION

Due to defense counsel's inadvertence and mistake, Defendant failed to submit its portion of the Joint Stipulation to Plaintiff's counsel within seven days. Please see the concurrently filed declaration of Tracy Wei Costantino which explains that there was an error in communicating who was to prepare the draft response and it was not caught until Plaintiff's counsel e-mail regarding this matter that defense counsel realized her mistake. Defendant respectfully requests that this Court still consider the response despite this error.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PLAINTIFF'S INTRODUCTION

### A.   Plaintiff's Discovery

Plaintiff Larry Gravestock (hereinafter "Plaintiff") was formerly employed by Defendant Abilene Motor Express, Inc. (hereinafter "Defendant" or "Abilene") as a truck driver, and brings the present matter as a putative class action on behalf of all truck drivers who worked for Defendant in California. Plaintiff contends that Defendant failed to pay truck drivers for all of the work truck drivers performed, did not provide meal breaks and did not provide rest breaks. He asserts claims on behalf of himself and the class for:  (1) unpaid wages; (2) failure to provide itemized wage statements; (3) failure to provide meal breaks; (4) failure to provide rest breaks; (5) failure to reimburse expenses; (6) failure to pay vacation wages; (7) failure to pay wages on termination; and (8) violation of the UCL, based on aforementioned violations.

Plaintiff's first set of Interrogatories seeks information that is commonly provided in wage and hour class actions. There is no basis for Defendant's refusal to provide the information sought in Plaintiff's Interrogatories Nos. 1-8, 12 and 13. Plaintiff seeks, *inter alia*, information regarding the identities of putative class members. This information is necessary for certification.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Class members are not only potential parties to a class action – they are also witnesses.  Defendant's refusal to disclose their identities is a thinly-veiled attempt to retain exclusive control over witnesses which is unfair and cannot be allowed. The information the witnesses have will contribute to Plaintiff's ability to demonstrate the commonality element at certification.

## B.    Plaintiff's Meet and Confer Efforts

On November 12, 2014, Plaintiff Gravestock served Interrogatories, Set One. (Declaration of Shawn Westrick, dated July 20, 2016 ["Westrick Decl."] at ¶ 3, Ex. A.)  After serving an initial set of objections, Plaintiff began the meet and confer process, however Defendant failed to meet and confer during the required time frame, however, after a delayed meet and confer, Defendant agreed to produce supplemental responses.  (Westrick Decl. at ¶ 4, Exs. B [letter dated March 16, 2015] and C [letter dated March 29, 2015.)  When the supplemental responses were not forthcoming, Plaintiff followed up with Defendant.  (Westrick Decl. at ¶ 5, Ex. D [letter dated July 17, 2015).)  Over four months later on August 19, 2015, Defendant served its supplemental response and objections and responses to Plaintiff's discovery.  (Westrick Decl. at ¶ 6, Ex. E.)

Despite Defendant's evasive and unresponsive answers, the parties worked on preparing this matter for a mediation.  On March 21, 2016, the parties participated in a mediation with renowned mediator Mr. Jeffrey Krivis.  During the mediation the parties met and conferred regarding Defendant's responses and Defendant agreed to supplement its responses a second time.  (Westrick Decl. at ¶ 7.)  Plaintiff has attempted on multiple occasions to get supplemental responses from Defendant to no avail.  (Westrick Decl. at ¶ 8, Ex. F [emails dated April 5, 2016, April 6, 2016, April 7, 2016, April 8, 2016, April 15, 2016, April 29, 2016 and May 6, 2016].) While the parties have continued discussing settlement, it is evident that Defendant does not intend to provide some information that is necessary for Plaintiff to prepare for certification in the event that a settlement cannot be reached.  (Westrick Decl. at

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

¶ 9.)

## II.    DEFENDANT'S INTRODUCTION

Plaintiff Larry Gravestock was an employee of Abilene Motor Express and worked as a truck driver.  He was Abilene's only California-based employee. Abilene is a Virgina-based company, domiciled in Virginia, and its headquarters and principals are all located in Virgina.  Abilene has other truck drivers in its employ, all of whom are non-California residents whose work takes them to California for drop offs and pick ups.  Their travel and work in California is irregular, transient, and not pursuant to a set schedule.  Plaintiff now purports to represent these out-of-state drivers to allege and claim that California labor laws should apply to the time these out-of-state drivers are in California.

Plaintiff seeks to assert Gravestock's claims on behalf of all non-California employees who drove within California at any time.  After much investigation and work with Abilene, the records available only show how many employees ever drove to or in California and how many times they did so.  Plaintiff's assertion that any "work" by any member of the putative class should be subject to California law based upon the law set forth in *Sullivan v. Oracle Corp.* (9th Cir. 2011) 662 F.3d 1265, 1271.  However, the limited holding in Sullivan does not apply to the facts as presented in this case and does not justify the discovery requested by Plaintiff.

In *Sullivan*, the Court held that California-based employers must comply with California's overtime laws even while employing out-of-state residents.  The Court's holding was specifically limited to California-based employers.  However, because the Court refrained from addressing whether the same rule applied to out-of-state employers, there is no direct legal authority for out-of-state employers being held to the same standard.  The court in *Sullivan* held: (i) the California Labor Code and UCL apply to work performed in California by out-of-state residents; (ii) this holding **does not violate the Due Process Clause because the contacts creating California interests are sufficient to permit the application of California's**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **<u>Labor Code because the employer had its headquarters and principal place of</u>**

2  **<u>business in California</u>**, the decision to deny the plaintiffs overtime pay was made in

3  California, and the work in question was performed in California; and (iii) this

4  holding does not violate the Dormant Commerce Clause because "California has

5  chosen to treat out-of-state residents equally with its own." *Sullivan*, 51 Cal. 4th

6  1191(emphasis added).

7       In the instant case, those "contacts creating California interests" are not

8  present.  Abilene's headquarters and principal place of business are not in

9  California.  Any decisions regarding compensation and meal and rest breaks were

10  all made in Virginia.  Further, the "work" performed was not over weeks or months

11  at a time as in *Sullivan*.  As the out-of-state drivers had varied routes which brought

12  them to California, their time in California lasted anywhere from hours to a day.

13  Moreover, if those drivers were in California for more than 8 hours, it was likely

14  that time was spent resting as required by the DOT before they could continue on

15  with their work.  As such, any prolonged period of time spent in California was not

16  spent working, but resting, wherein these drivers were not performing any duties for

17  which compensation or meal and/or rest breaks were required.

18       Moreover, in *Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal. 4th

19  557, 577-578, [a case where the application of the California Industrial Wage Orders

20  to maritime workers was at issue], the court noted generally:

21       The Legislature may have . . . intended extraterritorial

22  enforcement of . . . wage orders in limited circumstances, such as when California residents working for a California

23  employer travel temporarily outside the state during the course of the normal workday but return to California at

24  the end of the day. On the other hand, ***the Legislature may not have intended . . . wage orders to govern out-of-state***

25  ***businesses employing nonresidents, though the nonresident employees enter California temporarily***

     ***during the course of the workday.***  (Emphasis added.)

26

27       Here, none of the drivers spent any significant time in California in the

28  performance of their duties.  They were not assigned to work in California for any



prolonged basis and cannot be said to have spent significant "working" time in California to create the requisite contacts for California law to apply.  As such, these out-of-state drivers cannot be characterized as being employed within California.

The California *Labor Code* does not apply to work performed outside of California.  "California employment laws implicitly extend to employment occurring within California's state law boundaries . . . ."  *Gov. Code* § 110 ["The sovereignty and jurisdiction of this State extends to all places within its boundaries as established by the Constitution"].

The legislative intent that California's labor laws apply to work done in the state is evident in a preambular section of the wage law confirming that [California] employment laws apply to "all individuals" employed in this state.  *Id.; Lab. Code* §§ 1171, 1171.5.  Moreover, the Legislature's express declaration that "[a]ll protections, rights, and remedies available under state law . . . are available to all individuals . . . who are or *who have been employed in this state*."  *Sullivan v. Oracle*, 51 Cal.4th at 1198 (emphasis added); *Lab. Code* § 1171.5(a).  Other evidence of this intent is also codified in *Labor Code* section 1173 which imposes on the IWC the duty to ascertain information about wages, hours, and working conditions "*in this state*."  Also, *Labor Code* section 1174 facilitates this information-gathering process by imposing certain affirmative duties on "[e]very person employing labor in this state."  (Emphasis added.)  Further, *Labor Code* section 1193.5 authorizes Department of Labor Standards Enforcement representatives to "[i]nvestigate and ascertain the wages of all employees, and the hours and working conditions of all *employees employed in any occupation in the state*."  (Emphasis added.)

## III.   DISCOVERY IN DISPUTE

<u>INTERROGATORY NO. 1:</u>

State the total number of COVERED EMPLOYEES that YOU currently

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-3123-7941.1

7

DISCOVERY MATTER -- DEFENDANT'S RESPONSE TO PLAINTIFF'S JOINT STIPULATION

EMPLOY.[1]

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Responding Party did not employ any hourly, non-exempt employees in the State of California other than Plaintiff.  Thus, it is Responding Party's position that its out-of-state drivers who may have passed through California as part of their routes are not subject to California's wage and hour laws, and do not fall within Plaintiff's definition of "COVERED EMPLOYEES."  Notwithstanding, to the extent any of Responding Party's out-of-state employees drove through and worked in California during the relevant time period, Responding Party is currently in the process of trying to identify who those employees are.  Responding Party will continue to meet and confer with Plaintiff's counsel during this process.

PLAINTIFF'S RESPONSE

As an initial matter, Defendant did not object.  In fact, since it later at least concedes that there are 657 truck drivers that have driven through California at some point for Defendant during the relevant time period, there is no reason a supplemental response to this Interrogatory identifying clearly the number of truck drivers it currently employees.

DEFENDANT'S RESPONSE

Defendant has provided the number of  employees who drove through California in the production of it's inbound and outbound reports.  It is disputed whether these employees are "COVERED EMPLOYEES" as defined by Plaintiff's request.

INTERROGATORY NO. 2:

---

[1]   While the Interrogatories in dispute here are reproduced accurately, Defendant's Supplemental Responses routinely contained incorrect reproductions of Plaintiff's Interrogatories.  For the ease of the Court, if the Court wants to see the specific Interrogatory in the Exhibits, Plaintiff suggest reading Ex. A, the original Interrogatories and then Defendant's Supplemental Responses, Ex. B, in order to better understand what Defendant was responding to.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    State the number of COVERED EMPLOYEES that YOU formerly

2 EMPLOYED during the RELEVANT TIME PERIOD.

3 / / /

4 SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 2:

5    Responding Party did not employ any hourly, non-exempt employees in the

6 State of California other than Plaintiff.  Thus, it is Responding Party's position that

7 its out-of-state drivers who may have passed through California as part of their

8 routes are not subject to California's wage and hour laws, and do not fall within

9 Plaintiff's definition of "COVERED EMPLOYEES."  Notwithstanding this

10 assertion and without waiving said defense, to the extent any of Responding Party's

11 out-of-state employees drove through and worked in California during the relevant

12 time period, Responding Party is currently in the process of trying to identify who

13 those employees are.  Currently, Defendant's records show that approximately 657

14 employees did have routes that took them through California at some point during a

15 trip.  However, all the records of such trips through California do not have an

16 identified driver or employee and Defendant is currently culling through secondary

17 information and invoice and records to identify which drivers made these trips.

18 Investigation and discovery are continuing.

19 PLAINTIFF'S RESPONSE

20    As an initial matter, Defendant did not proffer any objections to this

21 Interrogatory.  Rather, it merely provided an evasive response.  The Interrogatory

22 requires information about the formerly employed truck drivers during the relevant

23 time period.  Defendant's semi-response that there are 657 truck drivers, is an

24 incomplete response.  Defendant has stated that it would provide me this

25 information.  (Westrick Decl., Ex. F [email dated April 29, 2016].)

26 DEFENDANT'S RESPONSE

27    It is disputed whether these employees are "COVERED EMPLOYEES" as

28 defined by Plaintiff's request.  However, in an effort to provide an accurate number,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-3123-7941.1                                    9
DISCOVERY MATTER -- DEFENDANT'S RESPONSE TO PLAINTIFF'S JOINT STIPULATION

Defendant has been working to ascertain the exact identify of every driver who did cross the California border. This information has been difficult to ascertain due to errors and/or mistakes in record keeping in addition to culling handwritten documents to supplement the missing information. This work is still being done.

INTERROGATORY NO. 3:

State the total number of COVERED EMPLOYEES YOU EMPLOYED at any time during the period commencing one year prior to the filing of the COMPLAINT to the present.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 3:

Responding Party did not employ any hourly, non-exempt employees in the State of California other than Plaintiff. Thus, it is Responding Party's position that its out-of-state drivers who may have passed through California as part of their routes are not subject to California's wage and hour laws, and do not fall within Plaintiff's definition of "COVERED EMPLOYEES." Notwithstanding this assertion and without waiving said defense, to the extent any of Responding Party's out-of-state employees drove through and worked in California during the relevant time period, Responding Party is currently in the process of trying to identify who those employees are. Currently, Defendant's records show that approximately 657 employees, from 2009 to April 2, 2015, did have routes that took them through California at some point during a trip. However, all the records of such trips through California do not have an identified driver or employee and Defendant is currently culling through secondary information and invoice and records to identify which drivers made these trips. Investigation and discovery are continuing.

PLAINTIFF'S RESPONSE

Similar to Plaintiff's position above, this Interrogatory is evasively answered by Defendant. Defendant should be compelled to answer how many truck drivers it employed from the period one year prior to the complaint through the present. This defines the class size for those causes of action that have a one year statute of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

limitations, such as claims for violations under California's wage statement law and violations under the Private Attorney General Act of 2004.

/ / /

DEFENDANT'S RESPONSE

It is disputed whether these employees are "COVERED EMPLOYEES" as defined by Plaintiff's request. However, the inbound and outbound records produced by Defendant shows the trips and dates made in and out of California. By filtering the data, the number of employees who made trips to California one year before the filing of the complaint can be ascertained.

INTERROGATORY NO. 4:

State the total number of COVERED EMPLOYEES YOU formally EMPLOYED at any time during the period commencing three years prior to the filing of the COMPLAINT to the present.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 4:

Responding Party did not employ any hourly, non-exempt employees in the State of California other than Plaintiff. Thus, it is Responding Party's position that its out-of-state drivers who may have passed through California as part of their routes are not subject to California's wage and hour laws, and do not fall within Plaintiff's definition of "COVERED EMPLOYEES." Notwithstanding this assertion and without waiving said defense, to the extent any of Responding Party's out-of-state employees drove through and worked in California during the relevant time period, Responding Party is currently in the process of trying to identify who those employees are. Currently, Defendant's records show that approximately 657 employees, from 2009 to April 2, 2015, did have routes that took them through California at some point during a trip. However, all the records of such trips through California do not have an identified driver or employee and Defendant is currently culling through secondary information and invoice and records to identify which drivers made these trips. Investigation and discovery are continuing.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

PLAINTIFF'S RESPONSE

Similar to Plaintiff's position above, this Interrogatory is evasively answered by Defendant. Defendant should be compelled to answer how many truck drivers it employed from the period three years prior to the complaint through the present. This defines the class size for the waiting time penalties subclass.

DEFENDANT'S RESPONSE

It is disputed whether these employees are "COVERED EMPLOYEES" as defined by Plaintiff's request. However, the inbound and outbound records produced by Defendant shows the trips and dates made in and out of California. By filtering the data, the number of employees who made trips to California three years prior to the filing of the complaint can be ascertained.

INTERROGATORY NO. 5:

Provide the name, most recently known address, most recent known telephone number(s), email address(es), job title(s), dates of hire, and dates of termination (if any), for all COVERED EMPLOYEES during the RELEVANT TIME PERIOD.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 5:

Objection. This request is overly broad, vague, and ambiguous. It is Responding Party's position that it did not employ any hourly, non-exempt employees in the State of California other than Plaintiff. Since Responding Party's out-of-state drivers who pass through California as part of their routes are not subject to California's wage and hour laws, there are no members who fall within Plaintiff's definition of "COVERED EMPLOYEES." Accordingly, this interrogatory is applicable only as to Plaintiff. However, without waiving said objections, Responding Party answers as follows:

To the extent any of Responding Party's out-of-state employees drove through and worked in California during the relevant time period, non-exempt, hourly drivers were required to maintain and submit driver logs and timesheets

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  listing all time they spent driving as well as time they spent performing other work

2  in order to receive compensation.

3  / / /

4  <u>PLAINTIFF'S RESPONSE</u>

5       As an initial matter, Defendant's response clearly is to a different

6  Interrogatory.  Therefore, Defendant has waived any objection to this Interrogatory.

7  However, any objection to this Interrogatory would be baseless.  It is beyond

8  reasonable dispute that the truck drivers in this matter are witnesses to Defendant's

9  wage and hour practices.  Defendant retains unfettered access to witnesses in this

10  case, while obstructing Plaintiff's access.  The only party that benefits from this

11  impediment is Defendant.  Since the inception of this case, Defendant has had the

12  ability to contact putative class members while Plaintiff has lacked such access.  The

13  names and contact information of the class members is discoverable pre-certification

14  because "[contact with class members] could lead to the discovery of admissible

15  evidence relevant to the class certification issue." *Babbitt v. Albertson's, Inc.*, 1992

16  U.S. Dist. LEXIS 19091, *16-*17 (N.D. Cal. Dec. 1, 1992) (motion to compel

17  identities of 40,000 prospective class members in employment discrimination class

18  action granted over employer's objections based on privacy and burden grounds).

19       It is beyond reasonable dispute that class members provide probative

20  information concerning certification.  For instance, in a class action brought on

21  behalf of discharged or demoted employees under the Age Discrimination in

22  Employment Act of 1967, 29 U.S.C.S. § 621 et seq., the United States Supreme

23  Court held the contact information of the discharged employees was discoverable, as

24  follows:

25          The District Court was correct to permit discovery of the

26          names and addresses of the discharged employees.

27          Without pausing to explore alternative bases for the

28          discovery, for instance that the employees might have

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-3123-7941.1
13
DISCOVERY MATTER -- DEFENDANT'S RESPONSE TO PLAINTIFF'S JOINT STIPULATION

1     knowledge of other discoverable matter, we find it suffices

2     to say that the discovery was relevant to the subject matter

3     of the action and that there were not grounds to limit the

4     discovery under the facts and circumstances of this case.

5  *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Int'l Brotherhood of*

6  *Teamsters v. United States*, 431 U.S. 324, 339 (1977) (in class action alleging

7  discrimination, use of declaration testimony supported inferences provided by

8  statistical analysis; testimony about "personal experiences with the company

9  brought the cold numbers convincingly to life").

10    District courts routinely permit this disocvery.  *See, e.g.*, *Ho v. Ernst &*

11  *Young, LLP*, 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. May 9, 2007); *Wiegele v.*

12  *Fedex Ground Package System*, 2007 U.S. Dist. LEXIS 9444 (S.D. Cal. Feb. 8,

13  2007); *Sanbrook v. Office Depot*, 2009 U.S. Dist. LEXIS 30852 (N.D. Cal. Mar. 30,

14  2009); *Jimenez v. Domino's Pizza*, LLC, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal.

15  Jan. 13, 2006); *Tierno v. Rite Aid Corp.*, 2008 U.S. Dist. LEXIS 58748 (N.D. Cal.

16  July 31, 2008).  District courts will only limit a plaintiff's access to this information

17  when a plaintiff cannot demonstrate that discovery will assist the certification

18  elements.  In *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985), a job applicant

19  was an epileptic and was denied a job.  The plaintiff filed a lawsuit.  The district

20  court limited discovery to job applicants in the state of Arizona.  *Id.* at 1420.  The

21  plaintiff was unable to demonstrate that the discovery sought would produce

22  information substantiating the class allegations.  *Id.* at 1424-25.  In the absence of

23  any showing that discovery would produce relevant information, a district court has

24  authority to deny discovery to a plaintiff.  However, that is not the situation in the

25  present case.

26    Even when district courts have considered permitting this discovery based

27  upon the plaintiff demonstrating a need, courts are clear that the analysis is not as

28  thorough as a Rule 23 motion for class certification.  *Barnhart v. Safeway Stores,*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *Inc.*, 1992 U.S. Dist. LEXIS 22572, *9 (E.D. Cal. Dec. 11, 1992) (holding that in

2  determining when to allow pre-certification discovery a court must recognize that it

3  is not the time to decide whether a class will be certified).  When plaintiffs can

4  demonstrate that discovery will be relevant to certification issues, district courts

5  grant motions to compel further responses.  *Id.* at *10 (allowing discovery into

6  employer's practices and into employees in dissimilar positions because the

7  discovery would assist in demonstrating commonality and typicality).  A plaintiff

8  need only demonstrate allegations of general policies applicable to the alleged

9  putative class.  *Id.* at *15.

10       The reasoning applied in *Barnhart* has found favor in other courts as well.

11  When a plaintiff merely demonstrates how the proposed discovery will assist in

12  establishing the certification elements, district courts have compelled further

13  discovery from reluctant defendants.  *Long v. Hewlett-Packard, Co.*, 2006 U.S. Dist.

14  LEXIS 94013, *8-*9 (N.D. Cal. Dec. 19, 2006) (compelling discovery upon

15  plaintiff's showing that discovery would provide relevant information); *Lewis v.*

16  *First American Title Ins. Co.*, 2008 U.S. Dist. LEXIS 43518, *9-*10 (D. Idaho June

17  2, 2008) (holding that plaintiff's allegations in the complaint and evidence from one

18  state was sufficient to demonstrate systematic abuse and to compel further responses

19  into a multi-state class action); *Kingsberry v. Chicago Title Ins. Co.*, 258 F.R.D. 668

20  (W.D. Wash. 2009) (same).

21       Failure to allow discovery where there are substantial factual issues relevant

22  to certification make it impossible for a party seeking discovery to make an

23  adequate presentation at certification.  *Lewis*, 2008 U.S. Dist. LEXIS 43518, *11-

24  *12.  Therefore, it is a better practice to allow discovery to proceed and then allow a

25  presiding judge to determine whether to grant certification after the facts are known.

26  This allows for a more informed decision at certification.  *Id.*

27       The identities of putative class members will lead to the discovery of

28  important information for certification.  As discussed in a number of cases, class

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   members are critical witnesses to Defendant's policies and practices. *Belaire-West*

2   *Landscape, Inc.*, 149 Cal. App. 4th 554, 562 (2008) (holding that both current and

3   former employees are witnesses and therefore discoverable); *Puerto v. Super. Ct.*

4   *(Wild Oats)*, 158 Cal. App. 4th 1242, 1249-50 (2008) (same).  Interviewing truck

5   drivers will assist Plaintiff in demonstrating critical facts that will support the

6   elements of certification.

7        Particularly in wage and hour class actions, federal courts have recognized the

8   simple fact that class members are essential witnesses necessary for certification.

9   *Ho*, 2007 U.S. Dist. LEXIS 37700, *3 ("contact information is relevant to *both* the

10   merits and class certification") (emphasis in original); *Wiegele*, 2007 U.S. Dist.

11   LEXIS 9444, *5 ("the Magistrate Judge [properly] determined that putative class

12   members possess relevant discoverable information concerning issues dealing with

13   Plaintiff's wage and hour claims, as well as class certification issues"); *Sanbrook v.*

14   *Office Depot*, 2009 U.S. Dist. LEXIS 30852, *2 (N.D. Cal. Mar. 30, 2009) (same);

15   *Jimenez v. Domino's Pizza*, LLC, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. Jan. 13,

16   2006) (same).

17        Likewise, the California Supreme Court and intermediate appellate court have

18   universally held that class member contact information is essential for supporting

19   class certification motions and is thus discoverable despite a privacy objection.

20   *Pioneer Electronics (USA), Inc.*, 40 Cal. 4th 360, 373 (in consumer class action,

21   "[c]ontact information regarding the identity of potential class members is generally

22   discoverable, so that the lead plaintiff may learn the names of other persons who

23   might assist in prosecuting the case"); *Belaire-West*, 149 Cal. App. 4th at 562

24   ("current and former employees are potential percipient witnesses to [employer's]

25   employment and wage practices, and as such their identities and locations are

26   properly discoverable."); *Puerto*, 158 Cal. App. 4th at 1249-50 (class members are

27   witnesses, and their contact information is discoverable).

28        In fact, under California law, the information potentially garnered from class

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-3123-7941.1
16
DISCOVERY MATTER -- DEFENDANT'S RESPONSE TO PLAINTIFF'S JOINT STIPULATION

1   members is so highly probative of certification that a trial court's denial of

2   certification will be reversed if the named-plaintiff is denied access to the class

3   members. *Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325, 1338 (2008) ("Because of

4   the trial court's erroneous discovery order [denying named-plaintiff's motion to

5   compel class members' identities and contact information], Lee lacked the means to

6   develop evidence capable of supporting his motion for class certification").  In that

7   vein, California courts have disclosed information to plaintiff's counsel without the

8   use of any notice.  *See, e.g.*, *Crab Addison, Inc. v. Super. Ct. (Martinez)*, 169 Cal.

9   App. 4th 958 (2008).  As discussed above, truck drivers possess valuable

10  information that will assist in the eventual motion for class certification.

11      Allowing one party to control access to all relevant discovery while

12  simultaneously denying equal access to other parties is contrary to the discovery

13  rules.  "Generally, the purpose of discovery is to remove surprise from trial

14  preparation so the parties can obtain evidence necessary to evaluate and resolve their

15  dispute."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998);

16  *Jimenez*, 2006 U.S. Dist. LEXIS 66510 at *3 (ordering pre-certification production

17  of the identities of all prospective class members in wage-and-hour class action);

18  *Campbell v. Wood*, 18 F.3d 662, 723 (9th Cir. 1994) ("We ordinarily understand that

19  the truth is most readily uncovered when each party has equal access to the

20  evidence").

21      The principle that all parties have equal access to all discovery, especially

22  including access to all prospective class members, was articulated in another wage-

23  and-hour class action in the Southern District.  *Wiegele*, 2007 U.S. Dist. LEXIS

24  9444 at *11.  Other district courts have also supported this reasonable view of class

25  members.  In *Ho*, this issue was squarely addressed.  The employer in *Ho* objected

26  to the disclosure of identities and contact information of prospective class members,

27  though agreed to provide 25% of the names pursuant to an opt-out notice procedure.

28  *Ho*, 2007 U.S. Dist. LEXIS 37700 at *4-*5.  After the named-plaintiff received the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

limited sample, he filed a motion to compel all remaining names. *Id.* The employer argued that the named-plaintiff already had in his possession access to a subset of the entire class, which should result in sufficient information to move for certification. *Id.* at *6. The court disagreed, stating "defendant's frustration that plaintiff will not agree to a compromise does not affect plaintiff's right to seek all relevant non-privileged discovery." *Id.* The court granted the plaintiff's motion to compel the contact information of all remaining class members. *Id.*

More recently in *York v. Starbucks*, a district court in the Central District ordered Starbucks to produce the entire class list totaling over 120,000 employees based on the same analysis relied on by Plaintiff Christiansen. *See* 2009 U.S. Dist. LEXIS 92274 (C.D. Cal. June 30, 2009).

DEFENDANT'S RESPONSE

Defendant's mistake and inadvertence does not constitute waiver of any objections. Moreover, a third party's privacy right is not "worthless" and should in no way be disregarded. Beyond the fact that the request involves the privacy rights of third parties, this interrogatory is also objected to on the basis that besides Plaintiff, there are no other "COVERED EMPLOYEES." Given these objections, Defendant is willing to utilize the *Belaire-West* notice process, giving each individual the opportunity to choose whether to release his or her contact information.

INTERROGATORY NO. 6:

Provide the addresses of all locations in the State of California in which you EMPLOY or EMPLOYED COVERED EMPLOYEES during the RELEVANT TIME PERIOD.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 6:

Objection. This request is overly broad, vague, and ambiguous. It is Responding Party's position that it did not employ any hourly, non-exempt employees in the State of California other than Plaintiff. Since Responding Party's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

out-of-state drivers who pass through California as part of their routes are not subject to California's wage and hour laws, there are no members who fall within Plaintiff's definition of "COVERED EMPLOYEES." Accordingly, this interrogatory is applicable only as to Plaintiff. However, without waiving said objections, Responding Party answers as follows:

To the extent any of Responding Party's out-of-state employees drove through and worked in California during the relevant time period, non-exempt, hourly drivers were required to maintain and submit driver logs and timesheets listing all time they spent driving as well as time they spent performing other work in order to receive compensation.

PLAINTIFF'S RESPONSE

Clearly Defendant was responding to a different Interrogatory. A further response is required.

DEFENDANT'S RESPONSE

This interrogatory is broad, vague and ambiguous. "All locations … which you employ or employed" suggests that Plaintiff wants the location any employee travelled to or from identified. Defendant produced the inbound and outbound logs showing the location of each pick up and drop off for the drivers in California.

INTERROGATORY NO. 7:

Describe any policy or practice YOU have or had to determine when COVERED EMPLOYEES are entitled to wages during the RELEVANT TIME PERIOD.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 7:

Objection. This request is overly broad, vague, and ambiguous. It is Responding Party's position that it did not employ any hourly, non-exempt employees in the State of California other than Plaintiff. Since Responding Party's out-of-state drivers who pass through California as part of their routes are not subject to California's wage and hour laws, there are no members who fall within

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-3123-7941.1
19
DISCOVERY MATTER -- DEFENDANT'S RESPONSE TO PLAINTIFF'S JOINT STIPULATION

Plaintiff's definition of "COVERED EMPLOYEES."  Accordingly, this interrogatory is applicable only as to Plaintiff.  However, without waiving said objections, Responding Party answers as follows:

To the extent any of Responding Party's out-of-state employees drove through and worked in California during the relevant time period, Responding Party's policy required non-exempt drivers, when taking a meal period, to park their vehicle properly on a parking lot of street where truck parking is allowed, with the parking brakes applied to prevent any movement of the vehicle while parked. During meal periods, drives were released from the responsibility for the care and custody of the vehicle, its accessories, and any cargo it may be carrying.  For the duration of the stop, drivers were at liberty to pursue activities of their own choosing or to leave the premises on which the vehicle is situated.  Drivers had to record and log their time while stopped off duty.

PLAINTIFF'S RESPONSE

Clearly Defendant responded to the wrong Interrogatory.  Therefore it has waived any of its objections.  However, assuming that it's response to Interrogatory No. 6, was meant for Interrogatory No. 7, it is still evasive.  Plaintiff's Interrogatory sought a straight forward answer as to when truck drivers were paid wages and Defendant merely stated that they filled out timesheets.

Plaintiff believes that Defendant failed to compensate truck drivers for certain non-driving activities, such as putting gas in Defendant's trucks.  Defendant should be compelled to further respond and clearly state which duties performed by truck drivers that it pays for and which duties performed by truck drivers that it does not pay for.

DEFENDANT'S RESPONSE

The interrogatory is vague and ambiguous and even Plaintiff's explanation of what it seeks is vague.  "Plaintiff's Interrogatory sought a straight forward answer as to when truck drivers were paid wages and Defendant merely stated that they filled

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-3123-7941.1                                          20
DISCOVERY MATTER -- DEFENDANT'S RESPONSE TO PLAINTIFF'S JOINT STIPULATION

out timesheets," does not comport with the call of the question.  The interrogatory seeks information as to practices to determine when employees are entitled to wages.  Defendant responded that it pays according to what is provided in the drivers logs and timesheets – the reported work by the employee – and then pays accordingly.  Defendant has already produced handbooks and written policies.  If the goal is to find out whether employees reported their non-driving time, the question is still answered by the response.  Employees report their working time by submitting their hours worked and mileage traveled, which is contained in the drivers logs and timesheets.

INTERROGATORY NO. 8:

Describe any policy or practice YOU have or had to determine when COVERED EMPLOYEES are entitled to wages when COVERED EMPLOYEES' trucks underwent repairs or when COVERED EMPLOYEES were delayed for pick-ups or drop-offs during the RELEVANT TIME PERIOD.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 8:

Objection.  This request is overly broad, vague, and ambiguous.  It is Responding Party's position that it did not employ any hourly, non-exempt employees in the State of California other than Plaintiff.  Since Responding Party's out-of-state drivers who pass through California as part of their routes are not subject to California's wage and hour laws, there are no members who fall within Plaintiff's definition of "COVERED EMPLOYEES."  Accordingly, this interrogatory is applicable only as to Plaintiff.  However, without waiving said objections, Responding Party answers as follows:

To the extent any of Responding Party's out-of-state employees drove through and worked in California during the relevant time period, Responding Party's policy required non-exempt drivers, when taking an off-duty stop, to park their vehicle properly on a parking lot of street where truck parking is allowed, with the parking brakes applied to prevent any movement of the vehicle while parked.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-3123-7941.1
21
DISCOVERY MATTER -- DEFENDANT'S RESPONSE TO PLAINTIFF'S JOINT STIPULATION

During were released from the responsibility for the care and custody of the vehicle, its accessories, and any cargo it may be carrying.  For the duration of the stop, drivers were at liberty to pursue activities of their own choosing or to leave the premises on which the vehicle is situated.  The relief from duty is limited to not less than fifteen minutes, and drivers had to record and log their time while stopped off duty.

PLAINTIFF'S RESPONSE

Clearly Defendant responded to the wrong Interrogatory.  Therefore it has waived any of its objections.  It is not clear whether any of Defendant's responses were meant for this Interrogatory.  Plaintiff is looking for a straight forward response to whether truck drivers were paid for time spent dealing with a truck getting repaired or delayed for pick us or drop-offs during the relevant time period.

DEFENDANT'S RESPONSE

The interrogatory is vague and ambiguous and even Plaintiff's explanation of what it seeks is vague.  "Plaintiff is looking for a straight forward response to whether truck drivers were paid for time spent dealing with a truck getting repaired or delayed for pick us or drop-offs during the relevant time period," does not comport with the call of the question.  Defendant responded that it pays according to what is provided in the drivers logs and timesheets – the reported work by the employee – and then pays accordingly.  Defendant has already produced handbooks and written policies.  If the goal is to find out whether employees reported their non-driving time, the question is still answered by the response.  The response describes the practice employed by drivers when stopped for repairs or unavoidable delays.

INTERROGATORY NO. 12:

Describe any policy or practice YOU have or had relating to reimbursement of business expenses by COVERED EMPLOYEES YOU EMPLOYED during the RELEVANT TIME PERIOD.

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 12:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    None provided by Defendant.

2    PLAINTIFF'S RESPONSE

3    No supplemental response was provided.  The Supplemental Response listed

4    as No. 12, appears to be intended for No. 14.  Clearly Defendant responded to the

5    wrong Interrogatory.  Therefore it has waived any of its objections.  It is not clear

6    whether any of Defendant's responses were meant for this Interrogatory.  Plaintiff is

7    looking for a straight forward response to policies regarding the reimbursement of

8    business expenses.

9    DEFENDANT'S RESPONSE

10    Defendant still disputes that any out-of-state drivers are COVERED

11    EMPLOYEES, however, Defendant will supplement this response.  This was clearly

12    an error.

13    INTERROGATORY NO. 13:

14    Describe any policy or practice YOU have or had relating to reimbursement

15    of business expenses by COVERED EMPLOYEES YOU EMPLOYED during the

16    RELEVANT TIME PERIOD.

17    SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 13:

18    None provided by Defendant.

19    PLAINTIFF'S RESPONSE

20    No supplemental response was provided.  Therefore it has waived any of its

21    objections.  It is not clear whether any of Defendant's responses were meant for this

22    Interrogatory.  Plaintiff is looking for a straight forward response for when truck

23    drivers were considered to be working for Defendant.  Plaintiff believes that truck

24    drivers were not compensated for certain tasks, such as filling Defendant's trucks

25    with gas.  Additionally, Plaintiff believes that truck drivers were not compensated

26    when truck drivers took rest breaks.  Plaintiff is entitled to a supplemental response

27    that clearly answers this Interrogatory.

28    DEFENDANT'S RESPONSE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4824-3123-7941.1
23
DISCOVERY MATTER -- DEFENDANT'S RESPONSE TO PLAINTIFF'S JOINT STIPULATION

*

Defendant still disputes that any out-of-state drivers are COVERED EMPLOYEES, however, Defendant will supplement this response.  This was clearly an error.

## IV.   CONCLUSION

### A.   Plaintiff's Conclusion

Plaintiff is entitled to sanctions for Defendant's evasive and non-responsive documents.  Despite routinely stating that it would provide full responses, it has failed to do so.  Plaintiff spent 4 hours preparing this Joint Stipulation and anticipates spending an additional 2 hours preparing the supplemental documentation for this Joint Stipulation and the reply brief.  Plaintiff is typically compensated at $650 per hour for his class action work.  For 6 total hours, this is a total of $3,900.  (Westrick Decl. at ¶ 10.)

Because of the impending certification deadline, Plaintiff requests an order compelling Defendant to supplement its responses within seven days of this Court's Order and Plaintiff requests a sanctions order in the amount of $3,900.

### B.   Defendant's Conclusion

As shown above, sanctions are not warranted.  Moreover, Plaintiff failed to follow the Local Rule 37-1, whereby counsel was to request to meet in person or by telephone prior to the filing of this motion.  Defendant has not been evasive and has been providing data and information to obtain the majority of the information requested.  The culling through data of terminated employees is laborious and

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

intensive.  Defendant has encountered difficulty obtaining the requested information but has not been evasive or intentionally withholding information.

DATED: July 22, 2016                    Respectfully submitted,

                                        TRACY WEI COSTANTINO
                                        LEWIS BRISBOIS BISGAARD & SMITH LLP


                                        By:  _____/s/_____
                                             Tracy Wei Costantino
                                             Attorneys for Defendant ABILENE
                                             MOTOR EXPRESS, INC.

