# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:14-cv-00170-JVS-KESx                                                        Date:  March 1, 2017

Title:  Larry Gravestock v. Abilene Motor Express, Inc. et al.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER re: Plaintiff's Motion to Compel Deposition of Defendant's Rule 30(b)(6) Designee (Dkt. 71-1)**

Plaintiff requests an order compelling Defendant to produce representatives for deposition in Los Angeles, California, rather than near Defendant's headquarters in Richmond, Virginia. (Dkt. 71-1 or "JS.") Plaintiff also requests sanctions in the amount of $4,000, presumably under Federal Rule of Civil Procedure ("FRCP") 37(a)(5). (Id. at 13; Dkt. 71-2 at ¶ 14.) The Court denies both requests.

**A.     Background**

On July 21, 2016, Plaintiff served an FRCP 30(b)(6) deposition notice on Defendant, seeing to depose corporate representatives on certain topics. (Dkt. 71-2, Ex. A.) The topics pertained to class composition, satellite data, discovery responses, truckers' compensation, meal breaks, rest breaks, vacation pay, reimbursements, and final pay checks. (Id.) Plaintiff noticed the deposition for Los Angeles. (Id.)

On August 3, Defendant's counsel objected to the deposition being taken anywhere other than Defendant's principal place of business in Virginia, where all of the potential witnesses were located. (Id., Ex. C.) The parties met and conferred on August 17; it appeared to Defendant's counsel that Plaintiff's counsel agreed to consider Virginia, subject to the depositions taking place on back-to-back dates. (Dkt. 71-3 at ¶ 11.) The parties struggled to find a mutually-agreeable block of dates, however (see id., Ex. L), and on September 15, Plaintiff's counsel suggested that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00170-JVS-KESx                                                                                    Date: March 1, 2017
                                                                                                                                         Page 2

the depositions be split between the east coast and Los Angeles.  (Dkt. 71-2, Ex. H.)  Defendant's counsel stated its preference for all the depositions to take place on the east coast.  (Id., Ex. I.)  Defendant designated three representatives who could testify on the deposition notice topics.  (Id.)

This motion followed.

**B.     Law**

There is a general presumption that a defendant's deposition should take place in the district of his residence—or, in the case of a corporate defendant, the corporation's principal place of business.  Fausto v. Credigy Serv. Corp., 251 F.R.D. 427, 429 (N.D. Cal. 2008).  Ultimately, however, the trial court has broad discretion to determine the appropriate place for a deposition.  Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994).  Courts consider the relative convenience of and hardships to the parties.  Fausto, 251 F.R.D. at 429.  Relevant factors include the location of counsel for both parties, the number of corporate representatives a party seeks to depose, whether the deponent often travels for business purposes, the likelihood of significant discovery disputes arising which would require resolution by the forum court, and equities with respect to the claims and the parties' relationship.[1]  Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 628–29 (C.D. Cal. 2005).

**C.     Analysis**

Plaintiff argues that the depositions should take place in Los Angeles[2] because (1) both parties' attorneys are in Los Angeles and (2) there is a likelihood of discovery disputes arising at the depositions, given "Defendant's refusal to produce the class list; Defendant's refusal to turn over significant GSP data until ordered to by the Court; the destruction of GPS data …."  (JS at 12.)

Defendant argues that the designated witnesses, who are "senior managers (Operations Manager, Safety Director, and Controller)" are "integral parts of the daily operations for Abilene."  (JS at 15.)  Defendant suggests that any discovery disputes during the depositions could be resolved

---

[1] Plaintiff lists as a sixth factor the "financial ability of the corporate party to travel." (See Dkt. 73 at 3.)  The Court views this instead as relevant to the "undue" part of "undue expense."  See Fed. R. Civ. P. 26(c)(1).  In any event, the Court premises this order primarily on FRCP 26's proscription against "undue burdens."

[2] Defendant incorrectly believes that Plaintiff wants the depositions split between Los Angeles and Washington D.C.  (See, e.g., Dkt. 71-3 at ¶ 19.)  Plaintiff suggested Washington D.C. as a compromise during meet and confer efforts, under the mistaken belief that the witnesses were in Fairfax, Virginia.  (See Dkt. 73 at 3, n.1; Dkt. 73-1, Ex. A.)  Plaintiff is still willing to split the depositions between Los Angeles and a location on the east coast in or near Richmond, Virginia (see Dkt. 73 at 3).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00170-JVS-KESx                                                              Date: March 1, 2017
                                                                                                                    Page 3

by an informal telephone conference with the Magistrate Judge. (Dkt. 71-3 at ¶ 20.) Defendant submits a declaration by Kolen Jones, Defendant's President, who oversees the three senior managers Defendant has designated as the deponents. (See Dkt. 74-1.) Jones represents that the Operations Manager monitors and supervises the daily operations at Abilene; the Safety Director monitors and oversees safety compliance and control of operations for the truck drivers; and the Controller provides financial and accounting management, maintains the budget, and oversees payroll. (Id. at ¶ 2.) He states that these managers only occasionally travel outside of Richmond, Virginia for business. (Id. at ¶ 5.)

Plaintiff has not overcome the general presumption that a corporate defendant should be deposed near its principal place of business. While counsel for both parties are in Los Angeles, the other Cadent factors weigh against Plaintiff. Defendant has designated three witnesses to testify. While discovery disputes may arise during the deposition, the Magistrate Judge can be available telephonically to resolve these disputes efficiently. Defendant has attested that the three witnesses only occasionally travel for business. The equities also favor Defendant. It is believable that the three designated senior managers are "integral parts of the daily operations for Abilene."

Plaintiff cites two district court cases from this circuit for support. (See JS at 10.) The first does not apply. See Music Grp. Macao Commer. Offshore Ltd. v. Foote, 2015 U.S. Dist. LEXIS 105465 (N.D. Cal. Aug. 11, 2015) ("Here, it is Defendant who wishes to take the deposition of Plaintiff's corporate representative, so this is not the typical scenario in which the general presumption that the deposition should occur at the company's principal place of business applies."). The second involved an attempted overseas deposition in Cyprus, not in the United States, and the Court ultimately chose Washington D.C. as the deposition's location because of equitable considerations, including the fact that the defendant had advertised itself as a United States corporation, and so could not later benefit from its status as a foreign corporation. See SEC v. Banc de Binary, 2014 U.S. Dist. LEXIS 34373 (D. Nev. Mar. 14, 2014). Here, Defendant is a United States corporation.

Given that the Court is denying Plaintiff's motion to compel, Plaintiff is not entitled to sanctions. In its supplemental memorandum, Defendant requests sanctions against Plaintiff for bringing the motion to compel. (Dkt. 74 at 3, 6.) The Court declines to grant sanctions under FRCP 37, given that not all of the Cadent factors weighed in Defendant's favor.

**D.     Order**

The Court finds this matter appropriate for decision without oral argument. FRCP 78; Local Rule 7-15. Accordingly, the hearing set for March 7, 2017 is removed from the calendar.

The Court DENIES Plaintiff's motion for sanctions and to compel the FRCP 30(b)(6) deposition(s) in Los Angeles.

                                                                                                  Initials of Deputy Clerk  JD