SHAWN C. WESTRICK (SBN 235313)
Email: swestrick@westricklawfirm.com
THE WESTRICK LAW FIRM, P.C.
11075 Santa Monica Blvd., Ste. 125
Los Angeles, California 90025
Telephone: (310) 746-5303
Facsimile: (310) 943-3373

Attorneys for Plaintiff
and Class Members

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GRAVESTOCK, individually, and on behalf of other members of the general public similarly situated,<br><br>              Plaintiff,<br><br>    vs.<br><br>ABILENE MOTOR EXPRESS, INC., a Virginia corporation, and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.: 8:14-cv-00170-JVS-KES<br><br>[Assigned to Hon. Karen E. Scott for discovery matters]<br><br>**DISCOVERY MATTER**<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL REQUEST FOR PRODUCTION OF DOCUMENTS, SET FIVE**<br><br>Date:      August 8, 2017<br>Time:     10:00 a.m.<br>Place:     6D<br><br>Discovery cutoff: November 15, 2017<br>Pretrial Conference: February 19, 2018<br>Trial: March 6, 2018 |

PL.'S REPLY BR. RE MOT. TO COMPEL FURTHER RESPONSES TO RFP, SET FIVE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Once again, Defendant has refused to participate in discovery in this action. No less than three times, Defendant has refused to file timely briefs or portions of joint stipulation for discovery motions. Months after this Court ordered Defendant provide information about the time drivers spent in California, Defendant has provided no information and despite repeated requests by Plaintiff, Defendant refuses to provide a date when the information will be provided. This Court should not encourage Defendant's behavior by acquiescing to Defendant's refusal to timely file briefs.

Defendant has not defended its objections. Defendant's opposition brief was due July 19, 2017. Once Defendant refused to provide its portion of the Joint Stipulation, the Local Rules of this District dictate that the motion to compel will proceed as a normally prepared motion pursuant and requires an opposition brief to be filed 21 days prior to the motion under Local Rule 7-9. Defendant failed to file an opposition brief.

Not only did Defendant fail to file an opposition brief, it did not fill out its section of the Joint Stipulation. Defendant has failed to defend its meritless objections to Plaintiff's discovery. Plaintiff's discovery is proper and Plaintiff's motion to compel should be granted.

## II. DEFENDANT FAILED TO DEFEND ITS OBJECTIONS AND SHOULD NOT BE ALLOWED TO FILE AN IMPROPER SUR-OBJECTION

### A. Defendant Refused to Fill In Its Portion of the Joint Stipulation and Failed to File an Opposition Brief

As described in Plaintiff's moving papers, Defendant failed to provide its portion of the Joint Stipulation. Pursuant to Local Rule 37-2.4, failure to provide

one's portion of the Joint Stipulation reverts a motion to compel to the Local Rules governing general motions.

Local Rule 7-9 requires opposition briefs to be filed 21 days before the hearing date. Defendant not only failed to provide its portion of the Joint Stipulation, but failed to file an opposition brief.

This is not the first time Defendant has failed to timely provide its portion of the Joint Stipulation. Additionally, Defendant has previously failed to file timely briefs. This Court should not encourage Defendant to continue this practice by acquiescing to a late-filed opposition brief by Defendant and thereby prejudice Plaintiff and the putative class. Any attempt by Defendant to file a late brief should be rejected.

### B. Defendant Failed to Defend Its Objections and Plaintiff's Motion to Compel Should Be Granted

Plaintiff sought documents to simple Requests for Documents. Request numbers 54 and 55 sought documents supporting Defendant's affirmative defenses that certification is not appropriate. Request number 56 sought documents sufficient to demonstrate Defendant's policy requiring drivers to sleep in Defendant's trucks, as demonstrated by a document produced by Defendant. Request number 57 sought documents about the tasks Defendant expected of its drivers. Request number 58 sought any documents demonstrating that Defendant kept time records as required by the FLSA's record-keeping requirements.

Plaintiff's opening brief demonstrated that Defendant's objections are meritless. Defendant's main objection is that Plaintiff cannot ask contention discovery. The two cases cited by Defendant in its objection, however, are inapposite. *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985), stands for the wholly unremarkable position that contention discovery early in a case requires a burden of justification. However, here, the case has been

pending for years.  The parties have conducted significant discovery.  And, although Defendant has yet to produce the information required by this Court regarding the time spent by drivers in California, it stretches credulity to believe that the case is not ripe enough for Defendant to defend its affirmative defenses as they relate to certification.  (*See* Defendant's Answer, Affirmative Defenses Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three and Twenty-Five [Docket No. 20].)

      Plaintiff's opening brief demonstrated that courts routinely grant contention discovery.  *See Lindell v. Synthes USA*, 2013 U.S. Dist. LEXIS 85636, *14-15 (E.D. Cal. June 18, 2013) (holding that defendants "had, and continue to have, a basis for making the allegations in their Answer"); *see also Yingling v. Ebay. Inc.*, 2010 U.S. Dist. LEXIS 12800, *7-8 (N.D. Cal. Jan. 29, 2010) (contention discovery is appropriate when contained in a defendant's answer).  Defendant's proffered authority assumes that little to no discovery has taken place.  However, substantial discovery has occurred in this case, although Defendant has been derelict in producing much information.  Courts allow contention discovery so long as discovery occurred.  *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 U.S. Dist. LEXIS 133404, *17-18 (N.D. Cal. Sep. 17, 2012) (rejecting *In re Co*nvergent as old and inapplicable to when a case is not in the early stages).

      Request number 56 sought documents sufficient to demonstrate Defendant's policy requiring drivers to sleep in Defendant's trucks, as demonstrated by a document produced by Defendant.  Certainly, there is no reasonable explanation as to why Defendant has not provided documents to this request.  Request number 57 sought documents about the tasks Defendant expected of its drivers.  There is no rational explanation for Defendant to refuse to provide this basic information.  Request number 58 sought any documents demonstrating that Defendant kept time records as required by the FLSA's record-keeping requirements.  As Defendant has

offered no explanation as to why the FLSA's record-keeping requirements do not apply to Defendant, there is no reason that Defendant refuses to produce documents sufficient to demonstrate the time records it was required to keep.  Of course, if Defendant failed to keep those records, it opens up the real possibility that Plaintiff should amend his Complaint to add FLSA causes of action to this case.

### III.   CONCLUSION

Defendant's refusal participate in discovery is long going and prejudicial to Plaintiff and the putative class.  Defendant should not be allowed to file a late brief. Plaintiff's discovery is simple, seeking only the facts that support Defendant's own affirmative defenses.  Given that Defendant has refused to defend those objections, Plaintiff's motion to compel should be granted.

Dated: July 24, 2017

Respectfully submitted,

By: /s/ Shawn C. Westrick
Shawn C. Westrick
THE WESTRICK LAW FIRM, P.C.
Attorneys for Plaintiff/Class Members