# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:14-cv-00170-JVS-KESx                    Date:  September 14, 2017

Title:  Larry Gravestock v. Abilene Motor Express, Inc. et al.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**        **ORDER re: Motion to Compel Further Responses to Plaintiff's Request for Production of Documents, Set Five (Dkt. 85) and Motion to Compel Further Responses to Plaintiff's Interrogatories, Set Three (Dkt. 86)**

A.    **Background**

　　This case was removed from state court to this Court in February 2014. Dkt. 1. In the same month, Defendant moved to dismiss certain of Plaintiff's claims. Dkt. 7. The Court stayed the motion to dismiss pending a Ninth Circuit decision in another case. Dkt 16. In March 2014, Defendant answered the complaint. Dkt. 20. In its answer, Defendant "denie[d] that any proposed class may be established" and that class certification was appropriate. Id. at 3. Defendant also raised affirmative defenses of "uncertifiable putative class," "no common questions of law or fact," "no typicality," and "no numerosity," and "no community of interest." Id. at 14-16.

　　The relevant Ninth Circuit case was decided in July 2014, and the Court denied the motion to dismiss in October 2014. Dkt. 24, 31. In June 2015, the Court set the hearing on Plaintiff's class certification motion for March 2016. Dkt. 36. In January 2016, the parties stipulated to continue the class certification deadline so that they could attend a March 2016 mediation. Dkt. 40, 41. In June 2016, the parties again stipulated to a continuance, stating that while mediation had not been successful, the parties were making progress toward

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00170-JVS-KESx

Date: September 14, 2017
Page 2

resolution, and Defendant was supplementing and producing a number of additional documents. Dkt. 42, 43.

In July 2016, the parties extensively briefed Plaintiff's motion to compel responses to certain interrogatories that were central to the certification dispute. See Dkt. 44, 45, 49, 52, 53, 54, 55. In essence, Plaintiff sought information about putative class members; Defendant contended that Plaintiff was the only member of the putative class, because (among other reasons) Defendant's other employees only travelled through California on an "irregular" basis. See id.

In August 2016, the Court ordered Defendant to produce certain "sampling" records so that the Court could analyze whether California wage and hour laws might apply to employees other than Plaintiff. Dkt. 59. Pending the Court's ruling on Plaintiff's motion to compel, the parties stipulated to extend the deadline for Plaintiff's class certification motion to April 2017. Dkt. 60, 61. In December 2016, the Court concluded that, based on the records provided by Defendant, information responsive to the disputed interrogatories was relevant to the parties' claims and defenses, and the Court ordered Defendant to produce additional data within 30 days. Dkt. 63. In February 2017, the parties reached a stalemate with respect to the discovery aimed at identifying potential class members and the scope of the Court's previous orders. See Dkt. 66, 67, 69. After further briefing, and a further continuance of class certification briefing deadlines to October 2017, the Court issued a lengthy minute order on April 7, 2017, detailing the scope of information that Defendant needed to produce with respect to drivers who resided outside of California. See Dkt. 82, 83, 84.

Meanwhile, on March 7, 2017, Defendant's counsel had sent a letter to Plaintiff's counsel regarding its anticipated objections to four "contention" interrogatories ("Rogs") and requests for production ("RFPs") propounded by Plaintiff in February 2017. See Dkt. 94-2. Plaintiff's counsel and the associate representing Defendant met in person on March 16 to discuss these issues. See Dkt. 94-1 at 3. Defendant served its responses and objections to the four contention discovery requests on March 21. See id.

About a month after the Court's April order, Plaintiff's counsel sent Defendant's counsel a letter dated May 12, addressed to the partner on the case, stating that he would "prepare the motions to compel" with respect to the contention interrogatories (and other matters that are no longer relevant). See Dkt. 94-3; Dkt. 94-4 at 2-3. He sent an e-mail to the associate on May 25 to follow up on the letter; she replied that she would get back to him the next day. Dkt. 94-4 at 2. On Friday, June 2, she stated that she would have a response for him the following week. Id. at 4. On Friday, June 9, Plaintiff's counsel e-mailed to say that he assumed, given the lack of response, that Defendant "did not want to meet and confer." Id. The associate replied the following Monday that she would send him "a status of the requested information." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:14-cv-00170-JVS-KESx

Date: September 14, 2017
Page 3

On June 23 and 26, respectively, Plaintiff's counsel e-mailed the associate a draft joint stipulation regarding Plaintiff's motion to compel the discovery responses. Id. at 14-15. On June 23, the associate e-mailed that she did not believe a motion was necessary, given that Defendant was trying to gather the data to produce in response to the Court's April order, and that she would provide him with an update on June 26. Id. at 14. On June 26, she e-mailed Plaintiff's counsel that she would be sending him a response to the meet and confer letter, and that Defendant hoped to resolve the discovery issues informally. Id. On June 28, Plaintiff's counsel e-mailed that he would need a "full update on the status of the compelled discovery" by the next day. Id. at 13. The associate replied the next day:

> As I stated yesterday, we are still culling through the information to determine whether any of the drivers meet the thresholds set by the Magistrate Judge. With the trip sheets, there are approximately 4,000 trip sheets per month to review. From those trip sheets, we have to pull driver information to determine the routes taken by each driver. As you may suspect, this requires a tremendous amount of time and work, especially given the thresholds set by the Magistrate Judge. We have also been going through the GPS data to obtain the information needed vis-à-vis the thresholds. We will need additional time to complete our review, especially given that we are also concurrently responding to the various discovery issues raised in your meet and confer letter and the pending motions to compel. I believe I should be able to provide an estimate for production after the holiday weekend.
>
> I'm around this evening, tomorrow, and Monday, if you wish to discuss the above further. I am happy to make myself available, so that we can informally resolve any discovery issues without intervention of the Court.

Id. at 13. It does not appear that Plaintiff's counsel attempted to call Defendant's counsel or further contact her before filing the at-issue motions to compel, or that he copied the partner assigned to the case on any of this e-mail correspondence. See Dkt. 94-1 at 5-6.

On July 11, Plaintiff filed two motions to compel. The first motion to compel sought supplemental responses to RFP Nos. 54, 55, 56, 57, and 58. See Dkt. 85-1. The second motion sought supplemental responses to Rog Nos. 21 and 22. See Dkt. 86-1. The discovery requests at issue were as follows:

RFP 54: Produce ALL DOCUMENTS that support YOUR contention that certification is inappropriate under Federal Rule of Civil Procedure 23(a).[1]

---

[1] "ALL" is defined as "any and all." See Dkt. 85-2 at 6.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00170-JVS-KESx

Date: September 14, 2017
Page 4

> RFP 55: Produce ALL DOCUMENTS that support YOUR contention that certification is inappropriate under Federal Rule of Civil Procedure 23(b)(3).
> RFP 56: Produce ALL DOCUMENTS sufficient to demonstrate YOUR policies requiring drivers to sleep in sleeper berths (as described in AME 000317).
> RFP 57: Produce ALL DOCUMENTS sufficient to demonstrate all tasks YOU expect to be performed by truckers.
> RFP 58: Produce ALL DOCUMENTS sufficient to demonstrate that YOU kept time records of truckers pursuant to the FLSA's record keeping requirements under 29 CFR 516.2.
> Rog 21: If YOU contend that this matter is not appropriate for certification under Federal Rule of Civil Procedure Rule 23(a), state every fact that supports YOUR contention.
> Rog 22: If YOU contend that this matter is not appropriate for certification under Federal Rule of Civil Procedure Rule 23(b)(3), state every fact that supports YOUR contention.

See Dkt. 85-2 at 8; Dkt. 86-2 at 7.

Both motions to compel were submitted in the forms of joint stipulations, but without Defendant's portions. See Dkt. 85-2 at 3; Dkt. 86-2 at 3. According to Plaintiff's counsel, he "waited over a week for Defendant to produce its section[s]" and then filed the motions. See Dkt. 85-2 at 3.

On July 24, Plaintiff filed replies in support of his motions to compel. Dkt. 87, 88. He noted that Defendant's opposition briefs had been due on July 19 under Local Rule 7-9, but Defendants had failed to file any such briefs. See id.

The Court held telephonic conferences on July 27, August 7, and August 21. See Dkt. 89, 90, 93. Defendant's counsel stated at the first conference that the associate assigned to the case had believed that Plaintiff's and Defendant's counsel were still conferring about the joint stipulations and had then mis-calendared the due date for opposition briefing. At the second conference, given the difficulty sorting through its voluminous records to apply the minimum thresholds set for potential class membership, Defendant agreed to produce information for all drivers who drove to or in California.[2] See Dkt. 94 at 3.

---

[2] Again, back in July 2016, Defendant objected to Plaintiff's discovery demands as overly broad because they sought information regarding non-class members. The parties and the Court spent a considerable amount of time developing minimum thresholds, only to be told that Defendant would require many months to apply them, unacceptably delaying discovery and eventually resulting in Defendant agreeing to produce all records for drivers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00170-JVS-KESx                    Date: September 14, 2017
                                                                      Page 5

At the third conference, Defendant's counsel stated that Defendant would supplement its responses to RFP Nos. 56, 57, and 58 to clarify that all responsive documents had already been produced. Plaintiff's counsel stated that the parties had not been able to reach a resolution on RFPs 54-55 or Rogs 21-22. The Court therefore set a briefing schedule for Defendant to file its opposition to these remaining arguments in the motions to compel, and for Plaintiff to file a reply.

On August 21, the parties filed a stipulation to continue class certification and trial-related dates. Dkt. 92.

On August 28, Defendant filed its opposition to the motions to compel. Dkt. 94.

On August 30, the Court held a fourth telephonic conference, where Defendant's counsel stated that Defendant would supplement its RFP 56, 57, and 58 responses by September 8. The next day, she and the associate on the case filed notices of withdrawal of counsel, and a different attorney at the firm filed a notice of appearance. Dkt 96-98.

On September 1, Plaintiff filed replies in support of his motions to compel.[3] Dkt. 99.

On September 5, the District Judge granted the parties' stipulation to continue the deadlines in this case. Dkt. 100. The last day for Plaintiff to file his motion for class certification is January 15, 2018; for Defendant to file its opposition is January 29; and for Plaintiff to file his reply is February 12. Id. at 2. The discovery cut-off is April 6, 2018. Id.

Based on the telephonic conferences held thus far in this case, it appears that as of the date of this order, PMK depositions and Plaintiff's deposition are being scheduled for October 2017. Furthermore, Defendant is in the process of producing, on a rolling basis, "trip sheets" and "settlement sheets" for its approximately 570 drivers who have travelled in California in the statutory period.

---

who had passed through California. Had Defendant's counsel been more familiar with how its client kept records, this approach could have been reached in 2016, not August 2017.

[3] On the same day, Plaintiff e-mailed the Court to state that he had been served by Defendant's new attorney with a voluminous set of Rogs and RFPs that included "a number of contention requests." The Court declines to address this issue herein, but expects the parties to meet and confer in good faith to conduct discovery consistent with Federal Rules of Civil Procedure 1 and 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:14-cv-00170-JVS-KESx                          Date: September 14, 2017
                                                         Page 6

B.     **Analysis**

RFPs 54 and 55

Defendant objected to RFPs 54 and 55 on five grounds: (1) vague, ambiguous, and overly broad; (2) burdensome and oppressive; (3) premature; (4) seeking documents not relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence; and (5) protected by the attorney-client privilege and attorney work product doctrine. See Dkt. 85-2 at 16-18.

The Court rejects Defendant's first, second, fourth, and fifth objections, which Defendant did not defend in its opposition papers (see Dkt. 94). First, there is nothing vague and ambiguous about these RFPs. Second, Defendant has not satisfactorily explained how the requests would be burdensome and oppressive. Third, the Court does not understand the relevance objection, given that class certification is central to this case. Furthermore, Defendant relies on the language from the former, rather than the current, Rule 26(b). Lastly, to the unlikely extent that any responsive documents are protected by attorney-client privilege or are attorney work product, Defendant must produce a privilege log.[4]

As for Defendant's third objection, the requests are not premature. In fact, it appears that Defendant was in the process of producing what are essentially responsive documents on a rolling basis when Plaintiff moved to compel. Presumably, Plaintiff brought this motion in the event that the Court did not grant the parties' stipulation to continue the class certification motion deadlines. Plaintiff's deadline for his class certification motion is now January 15, 2018. See Dkt. 100 at 2. Defendant should supplement its written responses to RFPs 54 and 55 at a reasonable time before that deadline—which, in the Court's view, would be at least a month beforehand—to confirm that it has produced all documents that support its affirmative defenses regarding class certification. See Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). This way, Defendant will not unfairly surprise Plaintiff with documents attached to its class certification opposition that Plaintiff has never seen. See Dkt. 99 at 1 (where Plaintiff argues that discovery "is meant to remove surprises from litigation"). However, Defendant does not need to list or "preview" for Plaintiff which documents it anticipates using in opposing Plaintiff's class certification motion.

Plaintiff's motion to compel supplemental responses to RFPs 54 and 55 is therefore GRANTED IN PART.

_____

[4] Defendant would not need to include in the privilege log (1) correspondence to or from Lewis Brisbois and (2) work product related to this litigation created after Plaintiff filed his complaint.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00170-JVS-KESx

Date: September 14, 2017
Page 7

Rogs 21 and 22

Defendant objected to Rogs 21 and 22 on four grounds: (1) vague, ambiguous, and overly broad; (2) burdensome and oppressive; (3) premature; and (4) protected by the attorney-client privilege and attorney work product doctrine. See Dkt. 86-2 at 13-14.

The Court rejects Defendant's fourth objection, which Defendant did not defend in its opposition papers (see Dkt. 94). To the unlikely extent any responsive documents are protected by attorney-client privilege or are attorney work product, Defendant must produce a privilege log.[5]

With respect to Defendant's first and second objections, the Court agrees that Rogs 21 and 22 are both overly broad and would be unduly burdensome. Rule 33(a) provides for written interrogatories, and Rule 33(b) states:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Rule 26(b), in turn, permits discovery within the following scope:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The general subject matter of Rogs 21 and 22 is within the scope of permissible discovery, both with respect to Plaintiff's class claims and Defendant's class certification affirmative defenses. However, as phrased, the Rogs are overly broad and unduly burdensome. Plaintiff has requested that Defendant state "every fact" that Defendant believes makes class certification inappropriate. In another context, asking a defendant to state "every fact" to support an affirmative defense might be appropriate. Here, asking Defendant to "summarize

---

[5] Defendant would not need to include in the privilege log (1) correspondence to or from Lewis Brisbois and (2) work product related to this litigation created after Plaintiff filed his complaint.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00170-JVS-KESx

Date: September 14, 2017
Page 8

the facts" supporting its class certification affirmative defenses would have been appropriate (if premature, as explained below). But for Defendant to state "every fact," Defendant would have to go into excruciating detail about the almost 600 putative class members' employment histories. See In re eBay Seller Antitrust Litig., No. 07-1882, 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008) ("Additionally, pursuant to Rule 26, because the contention interrogatories eBay advances seek 'all facts' supporting Malone's allegations, they are overly broad and unduly burdensome on their face."); Anaya v. CBS Broad. Inc., No. 06-0476, 2007 WL 2219458, at *6 (D. N.M. May 16, 2007) ("A contention interrogatory that seeks, in one paragraph, all of the facts supporting allegations, however, is overly broad and unduly burdensome on its face.").

The Court also agrees with Defendant's third objection and holds that these two Rogs, even if permissible, would be premature. Due to some unavoidable delays and also to some avoidable delays (for which both parties have at times been responsible), Defendant has not yet completed the document production that would have allowed it to respond to these interrogatories.[6] See In re eBay Seller Antitrust Litig., No. 07-1882, 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete."). If Plaintiff chooses not to propound rephrased Rogs, then Defendant's document production and supplemental responses to RFPs 54 and 55, along with the opportunity that Plaintiff will have to reply to Defendant's class certification opposition papers, should suffice to ensure that Plaintiff is not unfairly surprised by facts that Plaintiff was not aware of or could not have timely discovered. See Campbell v. Facebook Inc., No. 13-0599, 2015 WL 3533221, at *5 (N.D. Cal. June 3, 2015) ("Campbell Facebook does not show how it needs this information at this time, when substantial discovery is yet to be conducted. Such an interrogatory strikes the Court as no more than a thinly veiled attempt to sneak preview Plaintiffs' class certification motion.").

Plaintiff's motion to compel supplemental responses to Rogs 21 and 22 is therefore DENIED.

<u>Sanctions</u>

If a motion to compel is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). A court "must not order" payment of expenses if "the movant filed the motion before attempting in

---

[6] Plaintiff is understandably frustrated that it took Defendant months to conclude that the least burdensome path would be to turn over information related to all drivers who passed through California. But, given the circumstances, a better route would have been to pick up the telephone and discuss with Defendant's counsel the realistic timing of Defendant's production or filing an earlier stipulation to continue class certification dates, rather than filing this motion to compel.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00170-JVS-KESx                          Date: September 14, 2017
                                                                        Page 9

good faith to obtain the disclosure or discovery without court action," if "the opposing party's nondisclosure, response, or objection was substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

      On the record before the Court, the Court agrees that some sanctions are appropriate, but not in the amount requested by Plaintiff. Plaintiff requests sanctions in the amount of $3,250 for five out of ten hours of his time spent "preparing the present Motions to Compel and spending time to get supplemental responses." Dkt. 99 at 8. Plaintiff's motion to compel supplemental responses to Rogs 21 and 22 was not justified. The Court further believes, having reviewed the relevant e-mail correspondence, that neither motion may have been necessary had Plaintiff's counsel made more of an effort to coordinate with Defendant's counsel, either by telephoning the associate or by e-mailing or telephoning the partner assigned to the case.

      That said, after Plaintiff filed the motions to compel, Defendant's counsel's errors (which are detailed in Tracy Constantino's declaration, see Dkt. 94-1 at 6-9)—whether due to oversights, miscommunication, or other issues—are inexplicable. The Court therefore GRANTS Plaintiff sanctions in the amount of $650, which is equal to approximately one hour of Plaintiff's counsel's billing rate (see Dkt. 99 at 8). The Court estimates that this is how much additional time Plaintiff's counsel spent (1) addressing the instant discovery dispute due to Defendant's delayed responses and mis-calendaring and (2) that could not have been avoided by more proactive telephone communication and strategizing.

Initials of Deputy Clerk JD