**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
PAUL MATA, SB# 256642
  E-Mail: Paul.Mata@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant ABILENE MOTOR EXPRESS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| LARRY GRAVESTOCK, individually, and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ABILENE MOTOR EXPRESS, INC., a Virginia corporation, and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 8:14-cv-00170-JVS-KES<br><br>**DEFENDANT ABILENE MOTOR EXPRESS, INC.'S EX PARTE APPLICATION FOR AN ORDER STAYING PROCEEDINGS PENDING DISPOSITION BY THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT IN *FOUR* CASES: WARD V. UNITED AIRLINES, INC.; OMAN V. DELTA AIR LINES, INC.; SHOOK V. INDIAN RIVER TRANSPORT CO.; AND VIDRIO V. UNITED AIRLINES, INC.; OR ALTERNATIVELY, SHORTENING TIME ON DEFENDANT'S MOTION FOR AN ORDER STAYING PROCEEDINGS**<br><br>[*Filed Concurrently with Notice of Ex Parte Application; Declaration of Paul Mata and Exhibits Thereto; Request for Judicial Notice; [Proposed] Order*]<br><br>Assigned to the Hon. James V. Selna<br><br>Action Filed: December 19, 2013<br>Trial Date: June 5. 2018 |

4839-8542-2170.2

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER STAYING PROCEEDINGS PENDING DISPOSITION BY THE NINTH CIRCUIT COURT IN WARD, OMAN, SHOOK, AND VIDRIO CASES; OR ALTERNATIVELY, SHORTENING TIME ON MOTION FOR ORDER STAYING PROCEEDINGS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

By this *ex parte* application defendant Abilene Motor Express, Inc. ("Abilene" or "Defendant") seeks an order by the Court immediately staying the proceedings pending the outcome of four (4) dispositive appeals currently pending before the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). Specifically, the Ninth Circuit's anticipated rulings in these airline and motor carrier cases drastically impact the application of certain California wage and hour laws on non-California employers whose non-resident employees perform work in interstate commerce. This is a central issue in the resolution of this matter.

In this putative class action, Plaintiff contends that any driver who crosses into California's borders is subject to all of California's wage and hours laws regardless of that driver's residence, his employer's domicile, or the amount of work performed within California's borders. Particularly, Plaintiff claims that such drivers are subject to California's minimum wage requirements, meal and rest break laws, wage statement requirements, waiting time penalty requirements, expense reimbursement requirements, vacation pay requirements, Unfair Competition Law, and Private Attorneys General Act ("PAGA").

Consistently throughout this litigation, Plaintiff has erroneously relied upon the California Supreme Court's holding in Sullivan v. Oracle Corporation, 51 Cal. 4th 1191 (2011), as support for his underlying theory of liability. Plaintiff's reliance is misplaced and in error given that there is no legal authority whatsoever to support Plaintiff's claims. This dispute permeates nearly all issues that arise in the course of this litigation, including Plaintiff's now pending class certification motion. Indeed, the parties disagree with each other as to the application of California's laws to a point where neither side can agree on any element that even touches on a dispositive issue.

4839-8542-2170.2

2

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER STAYING PROCEEDINGS PENDING DISPOSITION BY THE NINTH CIRCUIT COURT IN WARD, OMAN, SHOOK, AND VIDRIO CASES; OR ALTERNATIVELY, SHORTENING TIME ON MOTION FOR ORDER STAYING PROCEEDINGS

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

Defendant has consistently maintained that only drivers who reside in California or spend the majority of their working time for Abilene in California can potentially be part of the putative class. To hold otherwise is contrary to existing law. Abilene has not waived its right to assert this defense and will show, *inter alia*, that its defense is valid. Nonetheless, and consistent throughout this litigation, the parties have attempted to meet and confer and find a compromise on the appropriate scope of the litigation, but have spent countless hours attempting to agree on issues where each side stand on opposite ends of a position on nearly every issue or dispute. The parties have been and continue to be at an impasse as to what that threshold should be.

The outcome in the aforementioned four dispositive appeals will drastically impact this litigation, and at a minimum, provide proper guidance to the parties vis-à-vis the application of certain California wage and hour laws regarding the amount of time spent working in California by out-of-state employees to determine whether they could potentially be subject to any of California's wage and hour laws. These ruling will also help guide the Court's analysis as it determines dispositive issues related to Plaintiff's other wage and hour claims. Notably, given the uncertainty in the application of California (and other state) wage and hour laws, Congress may independently reach a resolution in the coming months on the proposed Transportation and Housing and Urban Development Appropriations bill, which includes preemption and relation-back language to 1994 to establish definitively that state meal and rest break laws cannot preempt federal laws in the transportation industry. (*See* RJN, Ex. 5.) Accordingly, this is yet an additional compelling reason for the Court to consider when determining whether to grant a stay of proceedings in this action.

This application is made on an *ex parte* basis because the relief herein requested cannot be obtained on a regular, noticed motion given the upcoming

deadline, January 29, 2018, for Defendant to respond to Plaintiff's pending class certification motion. In light of the fact that Plaintiff filed his class certification motion, the circumstances are so exigent that Abilene will suffer significant prejudice and irreparable harm should the Court not grant the relief requested and immediately issue an order staying the proceedings in this action until the Ninth Circuit Court rules on dispositive issues that would significantly affect those pending in this case and particularly, in the class certification ruling.

## II. ARGUMENT

### A. Good Cause Exists to Grant Abilene's *Ex Parte* Application and Plaintiff Will Suffer No Prejudice

Good cause exists for the Court to immediately stay the proceedings in this action for two (2) compelling reasons:

***First***, the outcome of the four (4) dispositive appeals in the airline and motor carrier cases currently pending before the Ninth Circuit Court and are scheduled for oral argument in two (2) months – on March 16, 2018 with each case proceeding in sequential order before the same panel. Only in the last two weeks, on January 3, 2018, did the Ninth Circuit schedule oral argument for these matters. (See RJN, Exs. 1-4.) To that end, the anticipated Ninth Circuit rulings will drastically affect the outcome of the instant litigation. Given the scheduled trial date of June 5, 2018, this Honorable Court may reach a decision on class certification and other issues that will significantly impact the course of this litigation and its rulings on dispositive issues while the Ninth Circuit reaches a decision in related, pending appeals. Significantly, Plaintiff's filing of his class action motion makes Abilene's request that more imminent and exigent.

The cases now pending before the Ninth Circuit that directly impact the instant matter and are the basis of Defendant's *ex parte* application are:

4839-8542-2170.2

4

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER STAYING PROCEEDINGS PENDING DISPOSITION BY THE NINTH CIRCUIT COURT IN WARD, OMAN, SHOOK, AND VIDRIO CASES; OR ALTERNATIVELY, SHORTENING TIME ON MOTION FOR ORDER STAYING PROCEEDINGS

(1) <u>Charles Ward v. United Airlines, Inc.</u>[5]: In <u>Ward</u>, the named plaintiffs are California-based resident airline pilots who spent "approximately 80 percent of their time working outside of California." The pilots represent a certified class of flight attendants suing for illegal wage statements under section 226(a) of the California Labor Code. Like Abilene, defendant is a non-California-based employer. The district court granted summary judgment in favor of defendant and concluded that "for class members who worked primarily outside of California, **Section 226 – like the rest of California's labor laws** – does not apply." (<u>Ward v. United Airlines, Inc.</u>, No. C 15-02309 WHA, 2016 U.S. Dist. LEXIS 94803 (N.D. Cal. July 19, 2016) (emphasis added).

(2) <u>Dev Oman v. Delta Air Lines, Inc.</u>[6]: In <u>Oman</u>, the named plaintiffs – flight attendants working within and outside of California – assert violations of California's wage and hour laws – i.e., failure to pay minimum wage, improper wage statements, and untimely issuance of final wages at separation. To determine whether the California-based employees "primarily worked" in California, the district court considered the multi-factor approach adopted by the court in <u>Bernstein v. Virgin Am., Inc.</u>, 2017 U.S. Dist. LEXIS 1679 (N.D. Cal. Jan. 5, 2017), to determine the percentage of time expended by the resident flight attendants, but ultimately concluded that Section 226 does **not** apply to wage statements issued by defendant whose California-based flight attendants spent a "de minimis" time performing work in California. (<u>Oman v. Delta Air Lines, Inc.</u>, 230 F. Supp. 3d 986, 994, 2017 U.S. Dist. LEXIS 2913, *17 (N.D. Cal. Jan. 6, 2017).

---

[5] <u>Ward v. United Airlines, Inc.</u>, United States District Court ("USDC") Northern District Case No. 3:15-cv-02309-WHA and Ninth Circuit Case No. 16-16415. (*See* Abilene's Request for Judicial Notice ("RJN") in support of the instant application, Exh. 1)

[6] <u>Oman v. Delta Air Lines, Inc.</u> USDC, N.D. Cal., Case No.: 15-cv-00131-WHO and Ninth Circuit Case No. 17-15124. (*See id.*, Exh. 2.)

(3) Todd Shook v. Indian River Transport Co.[7]: In Shook, the named plaintiff asserted class claims against a Florida-based trucking company that were fairly akin, if not the same, to some of the claims asserted in this action, including the failure to pay wages for time spent performing non-driving tasks, failure to provide rest breaks, failure to issue accurate wage statements, and failure to timely pay wages at the time of employment separation. The California-based truck drivers paid state income taxes and received wage statements in California. Nonetheless, after a bench trial, the district court concluded that California's wage and rest break laws do not apply to work performed outside of California. However, as to work performed inside California, the lower court determined that the named plaintiff's class claims failed "due to lack of sufficient proof" of the violations because the evidence at trial did not attempt to account for the situs of each employee. (Shook v. Indian River Transp. Co., 236 F. Supp. 3d 1165, 2017 U.S. Dist. 21522 (E.D. Cal. Feb. 15, 2017.)

(4) Vidrio v. United Airlines, Inc.[8]: In Vidrio, the named plaintiffs are California-based resident flight attendants who spent "approximately 80 percent of their time working outside of California" and represented a certified class of flight attendants suing for illegal wage statements under Section 226(a) of the California Labor Code. Like here, defendant United Airlines is a non-California-based employer. The District Court in Vidrio granted defendant's motion for summary judgment, ruling the plaintiff could not maintain a Section 226 claim where the class members do not principally work in California, the defendant was not headquartered in California and the defendant conducted less than 20% of its business in California.

---

[7] Shook v. Indian River Transport Co., USDC, E.D. Cal., Case No. 1:14-cv-01415-WBS-BAM and 9COA Case No. 17-15322. (See id., Exh. 3.)

[8] Vidrio v. United Airlines, Inc., USDC, C.D. Cal., Case No. 2:15-cv-07985-PSG-MRW and 9COA Case No. 17-55471. (See id., Exh. 4.)

4839-8542-2170.2

6

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER STAYING PROCEEDINGS PENDING DISPOSITION BY THE NINTH CIRCUIT COURT IN WARD, OMAN, SHOOK, AND VIDRIO CASES; OR ALTERNATIVELY, SHORTENING TIME ON MOTION FOR ORDER STAYING PROCEEDINGS

(Vidrio v. United Airlines, Inc., 2017 U.S. Dist. LEXIS 40609 (C.D. Cal. Mar. 15, 2017).) These facts are almost identical to the facts of this case.

In sum, the issues up on appeal in these cases necessarily involve the appropriate threshold required – e.g. the amount of time spent in California performing work for non-California employers – to trigger the protections of California wage and hour laws. This is exactly the issue for which Plaintiff identifies as critical to this case in Plaintif's recently filed class certification motion when he erroneously argues that: "California's wage laws undoubtedly apply to all employment in the state". (See Plaintiff's Motion for Class Certification, 2:6-7, Dkt. 106.)   However, if the cases on appeal with the Ninth Circuit establish that California wage and hour laws do not apply to the putative class at issue, Plaintiff will not be able to establish that his claims will be susceptible to class treatment – a key requirement of his pending class certification motion.

***Second***, Abilene has made good faith efforts during the course of this action and in discovery and spent countless hours and incurred significant costs continuously litigating the parties' fundamental disagreement on the scope of discovery relative to each parties' position on the merits. (*See* Mata Decl., ¶ 4.) Moreover, because of the fundamental dispute between the parties on their respective interpretations of the California Supreme Court's holding in Sullivan v. Oracle Corp., 51 Cal. 4th 1191 (2011), it has been almost impossible for the parties to reach an informal resolution on any issue without court intervention. (Mata Decl., ¶ 5.)  A stay of proceedings pending further guidance from the Ninth Circuit in Ward, Oman, Shook, and Vidrio will provide much needed direction on dispositive issues in this case.

Moreover, a stay will save the parties on further fees and costs in the trial court related to a now pending class certification motion that will be impacted by these pending cases. (Mata Decl., ¶ 11.) To that extent, the parties have already

confirmed to one another that the chances are fairly certain that one of the parties will appeal any class certification motion ruling until there is adequate clarity on the application of state wage and hour laws on non-California employers with non-resident employees who perform their work interstate. (*Id*., ¶ 11(b).)

**_Third_**, pending legislation before Congress may also [i] have a significant affect on pending wage and hour class action lawsuits involving employees in the motor carrier industry. Specifically, the 2017-2018 proposed Transportation and Housing and Urban Development Appropriations bill may establish definitively that state meal and rest break laws cannot preempt federal laws in the transportation industry, including the trucking industry. (RJN, Ex. 5.) This pending legislation is expected to include preemption and relation-back language to 1994, that would necessarily impact, at a minimum, the viability of meal and rest break claims asserted by Plaintiff in this action. (*Id*.)

Thus, in light of these compelling reasons, Plaintiff will suffer no prejudice should this Court issue an order immediately staying this proceeding until, at least, the Ninth Circuit makes a determination on the four (4) dispositive appeals. At the very least, good cause exists because the anticipated Ninth Circuit's rulings will provide much needed guidance to the parties and clarification on important issues affecting the scope of litigation and discovery.

**B. The Court Has the Discretion To, and Should, Stay Proceedings in This Action**

It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." (Landis v. North American Co., 299 U.S. 248, 254 (1936).) In Landis, the United States Supreme Court delineated two (2) basic requirements for the grant of a discretionary stay: (1) a party that seeks a discretionary stay "must make a clear

case of hardship or inequity in being required to go forward" (*Id*.); and (2) the discretionary stay must have be reasonably limited as to time given the circumstances (*Id*. at 257.) Still, the high Court made it abundantly clear that there is nothing *per se* impermissible about staying a lawsuit until the outcome of another related cation has been determined. (*Id*. at 258.)

Here, all necessary elements exist for a reasonable stay to be put in place because the outcome of the four (4) dispositive appeals in <u>Ward</u>, <u>Oman</u>, <u>Shook</u>, and <u>Vidrio</u> will have a significant affect on the course of the viability of Plaintiff's claims, the outcome of Plaintiff's class certification motion and the costs associated with seeking court intervention on nearly every non-dispositive issue between the parties. Moreover, even a cursory review of the procedural history on the docket in this action will demonstrate that the parties have consistently and actively sought court intervention, whether formal or informal, to resolve the parties' fundamental disagreement on a core premise of the law.

As to the second requirement, Abilene requests that the scope of the discretionary stay be limited in time and relative to the outcome of the decisions on appeal currently before the Ninth Circuit. To the extent Congress steps in before a determination is made on the dispositive appeals by the Ninth Circuit, Congress's action may likely eliminate the issues in cases such as the instant one and drastically limit the ability of non-California employers from being sued for its compliance with California wage and hour laws.

Based on the foregoing, this Court should grant the instant application and stay proceedings in this action, especially given that Plaintiff has just filed his class certification motion in which material issues significantly overlap with the issues in the cases currently pending on appeal before the same Ninth Circuit Court panel.

///

///

### C. In The Alternative, Defendant Requests an Order Shortening Time on A Motion for A Stay of Proceedings

In the alternative, Abilene respectfully requests that the Court shorten time on a motion to stay proceedings in the event that the Court determines it needs additional information before ruling on the requested *ex parte* relief in this application. Should the court find this appropriate, Defendant includes as attachments to the Declaration of Paul Mata, Defendant's [proposed]: (1) Notice of Motion for a Stay of Proceedings; (2) Memorandum of Points and Authorities in Support of Motion for a Stay of Proceedings; (3) Request for Judicial Notice in Support of Motion for a Stay of Proceedings; (4) Declaration of Paul Mata in Support of Motion for Stay of Proceedings; and (5) Order Granting Defendant's Motion for Stay of Proceedings. (See Mata Decl. ¶ 17, Exs. 2-6 thereto.) Defendant respectfully requests that this court set a briefing schedule for said [proposed] motion as soon as possible, in light of Defendant's January 29, 2018 filing date for its opposition to Plaintiff's Motion for Class Certification and the February 26, 2018 hearing regarding same.

### III. NOTICE OF *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, the contact information for plaintiff's counsel is as follows:

Shawn C. Westrick

The Westrick Law Firm, P.C.

11075 Santa Monica Blvd., Ste. 125

Los Angeles, CA 90025

Phone: (310) 746-5303

Fax: (310) 943-3373

Email: swestrick@westricklawfirm.com

(Mata Decl. ¶ 12.)



4839-8542-2170.2

Further, pursuant to Local Rule 7-19.1, on January 16, 2017, Abilene's counsel contacted Plaintiff's counsel, Shawn C. Westrick, by telephone to advise Plaintiff of this *ex parte* application. (Mata Decl., ¶¶ 13-15.) Plaintiff's counsel has since advised Defendant that Plaintiff intends to oppose the instant *ex parte* application. (*Id.,* ¶ 15.) Finally, at the time of this electronic filing, Defendant simultaneously served by facsimile the instant *ex parte* application papers on Plaintiff's counsel. (*Id.,* ¶ 16.)

## IV. CONCLUSION

For good cause and the reasons stated herein, Abilene respectfully requests this Court to grant its application and immediately issue an order staying proceedings until the Ninth Circuit rules upon whether certain California wage and hour laws apply to non-California employers with non-resident employees who perform work interstate.

DATED: January 17, 2018          Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/Paul Mata
John L. Barber
Paul Mata
Attorneys for Defendant ABILENE MOTOR EXPRESS, INC.

# FEDERAL COURT PROOF OF SERVICE

Larry Gravestock v Abilene Motor Express Inc. - Case No. USDC/Southern Division Case No: 8:14-cv-00170-JVS-KES

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 17, 2018, I served the following document(s): **DEFENDANT ABILENE MOTOR EXPRESS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER STAYING PROCEEDINGS PENDING DISPOSITION BY THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT IN WARD V. UNITED AIRLINES, INC., OMAN V. DELTA AIR LINES, INC., SHOOK V. INDIAN RIVER TRANSPORT CO., AND VIDRIO V. UNITED AIRLINES, INC., OR ALTERNATIVELY, SHORTENING TIME ON DEFENDANT'S MOTION FOR AN ORDER STAYING PROCEEDINGS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Shawn C. Westrick, Esq.
The Westrick Law Firm, P.C.
11075 Santa Monica Boulevard,
Suite 125
Los Angeles, CA 90025
Telephone: (310) 746-5303
Facsimile: (310) 943-3373
E-mail: swestrick@westricklawfirm.com
Attorneys for *Plaintiff LARRY GRAVESTOCK and Class Members*

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

☒ (BY FAX TRANSMISSION) Based on the Court's standing order, I served the document by fax transmission, I faxed the document to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

4839-8542-2170.2

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER STAYING PROCEEDINGS PENDING DECISIONS IN NINTH CIRCUIT, OR ALTERNATIVELY, SHORTENING TIME/SPECIALLY SETTING HEARING DATE

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 17, 2018, at Los Angeles, California.

/s/ Paul Mata
Paul Mata

4839-8542-2170.2

DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER STAYING PROCEEDINGS PENDING DECISIONS IN NINTH CIRCUIT, OR ALTERNATIVELY, SHORTENING TIME/SPECIALLY SETTING HEARING DATE