SHAWN C. WESTRICK (SBN 235313)
Email: swestrick@westricklawfirm.com
THE WESTRICK LAW FIRM, P.C.
11075 Santa Monica Blvd., Ste. 125
Los Angeles, CA 90025
Telephone: (310) 746-5303
Facsimile: (310) 943-3373

Attorneys for Plaintiff
and Class Members

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GRAVESTOCK, Individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ABILENE MOTOR EXPRESS, INC., a Virginia corporation, a DOES 1-10, inclusive,<br><br>        Defendants | Case No.: 8-14-cv-00170-JVS-KES<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE** |

## I. INTRODUCTION

Defendant's argument for a stay of this action is absurd. It is a transparent attempt to prejudice Plaintiff and buy Defendant more time to respond to Plaintiff's Motion for Class Certification. Defendant's exhibits demonstrate clearly that this ex parte, even if it were necessary, could have been brought in 2017 long before Plaintiff prepared and filed his Motion for Class Certification. Further, even if this Court believes that the cases cited by Defendant may impact the current litigation, there are remedies this Court should adopt far short of prejudicing Plaintiff by staying the current certification briefing.

## II. STANDARD FOR EX PARTE RELIEF

It is black-letter law that ex parte relief can only be justified in two circumstances. The first is that the evidence must show that the moving party is irreparably prejudiced if the underling relief is not granted. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crises occurred as result of excusable neglect. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendant cannot succeed under either requirement.

## III. ARGUMENT

### A. Defendant's Ex Parte Is a Transparent Attempt to Secure Additional Time for Its Opposition to Plaintiff's Motion for Class Certification

Defendant desires this Court to grant it a boon of significant extra time to prepare its opposition brief to Plaintiff's Motion for Class Certification. Yet, it cannot demonstrate that it would be irreparably prejudiced should this Court not grant its ex parte application. As described below, the cases cited by Defendant

have been on appeal since early 2017, if not sooner.  If Defendant believed it would be prejudiced due to the rulings of this case, it chose not to offer any evidence why ex parte relief, or a regularly scheduled motion, was not filed in 2017.  Rather, Defendant waited until Plaintiff filed his Motion for Class Certification before seeking ex parte relief.  Defendant's scheme is therefore laid unadorned.  It seeks a sneak preview of Plaintiff's Motion for Class Certification before filings it opposition brief.  During 2017 the parties engaged in numerous motions, took numerous depositions and spent significant resources on this case.  Those costs are now spent.  If Defendant truly believed it was worthwhile to conserve resources, a motion to stay the proceedings should have been brought during 2017, when the cases cited by Defendant were appealed and before the parties continued to expand significant resources.  However, Defendant waited until Plaintiff filed his Motion for Class Certification.  Now Defendant wants to call a time out in the litigation so that it can get an undefined amount of time to prepare its opposition brief.

**B.     The Cases Cited by Defendant Will Not Affect Certification, But Rather the Merits of Plaintiff's Action, If at All**

The cases cited by Defendant are not contesting certification on appeal.  Rather, they deal with primarily the application of Labor Code § 226 to California employees who work outside of California (*Ward*, *Oman* and *Vidrio*) or the extent of evidence presented at trial against an out of state Defendant (*Shook*).

*Ward v. United Airlines*, Inc. – this case involves California residents and only a claim under Labor Code § 226.  The case was decided by summary judgment.  An appeal has been pending since August 2016.

*Oman v. Delta Air Lines, Inc.* – this case involves California residents and

only a claim under Labor Code §§ 204 and 226. The court granted summary judgment in favor of the defendant. This case was appealed in January 2017.

*Shook v. Indian River Transport Co.* – this case involves California resident against a non-California employer. The trial judge ruled against the plaintiff for the claims of work inside California based on a lack of evidence produced by the plaintiff at trial. The case was appealed in February 2017.

*Vidrio v. United Airlines, Inc.* – this certified case involves California residents and only a claim under Labor Code § 226. Summary judgment was granted for the employer. This case was appealed in April 2017.

Of note, none of the cases cited involve an appeal regarding certification. These decisions may provide some guidance on the merits of Plaintiff's class claims, though that is far from certain as all four cases involve California residents or deal with potential trial evidence.

More importantly, all of these cases were appealed in early 2017. The underlying basis for Defendant's ex parte application is that ex parte relief will relieve the parties of substantial costs of litigating given any uncertainty regarding the above cases. However, if that were true, why did Defendant not move for ex parte relief when these cases were filed for appeal in early 2017? Why delay seeking ex parte relief for over a year, all the while, incurring significant litigation costs? The answer of course is simple. Defendant waited to seek ex parte relief until after Plaintiff filed his Motion for Class Certification. Defendant concedes that it was following the *Vidrio* case. If Defendant honestly believed that *Vidrio* would impact substantially this case, there is no excuse for waiting to bring it to the Court's attention. Defendant's unreasonable delay in seeking ex parte relief undermines its argument for extraordinary judicial intervention in the middle of

certification briefing and lays bare Defendant's evident purpose, buy more time for its opposition brief.

### C. Defendant's Ex Parte Prejudices Plaintiff

As described above, Defendant could have moved to stay this matter at any point in 2017 when all four of the cases cited by Defendant were appealed. Defendant chose not to, but rather to wait until two days after Plaintiff filed his Motion for Class Certification. Defendant wishes to prejudice Plaintiff by getting an undetermined amount of time to prepare its opposition brief.[1]

### D. There Are Alternative Solutions That Do Not Prejudice Plaintiff

Should this Court believe that not only that the cited cases may impact this case, but in such a way as it necessitates delaying a ruling on the merits of this case, there are alternatives this Court should consider before granting a boon to Defendant by allowing Abilene to avoid filing a timely opposition to Plaintiff's Motion for Class Certification.

- This Court could deny Defendant's ex parte application and move forward with the current briefing schedule, and only stay the proceedings after the certification decision;
- This Court could allow the briefing on certification to continue, but refrain from ruling on the motion until the decisions of the four cases come out and vacate the other pending dates while waiting for the Ninth Circuit to issue its orders; at which point, the Court could order

---

[1] Further, Defendant's notice email to Plaintiff did not indicate a desire to seek a shortening of time to file a motion to stay the proceedings. Bur for the same reasons as discussed in this opposition, any stay should only apply after certification briefing is complete.

additional briefing if necessary.

Either of these solutions do not prejudice Plaintiff by giving Defendant extra time to file an opposition brief. In no event, should this Court grant a boon to Defendant by allowing it a substantial amount of additional time to prepare its opposition brief.

Even in the event that Congress addresses the FAAAA and changes the law, it is not known presently what that change will look like. Further, even if the law is changed, there will remain a question as to the retroactivity of a statute that does not create new liability, but rather takes away vested rights held by Plaintiff and the putative class.[2] Of course, this would be an issue that could be addressed post-certification as it would apply to the entire proposed class. Nevertheless, various attempts to amend the FAAAA have been brandied about in Congress the last few years, all to no avail.[3] Perhaps this time will be different, but at present it is too speculative to support a stay in the briefing in Plaintiff's Motion for Class Certification.

## IV. CONCLUSION

It does not take much to see what Defendant is attempting to do. By waiting until two days after Plaintiff filed his Motion for Class Certification, Defendant seeks to get a sneak preview of Plaintiff's brief, without having to file its opposition brief per the current scheduling. Any stay issued now would prejudice

---

[2] One would imagine that a potential takings argument would exist in such a situation.
[3] *See* Commercial Carrier Journal article at https://www.ccjdigital.com/to-protect-carriers-from-big-payouts-congress-may-stamp-out-state-efforts-to-reform-driver-pay/ (last viewed on January 18, 2018) (discussing attempts over the previous year to amend the FAAAA)

Plaintiff by giving a boon to Defendant of additional time to prepare its opposition brief. Defendant's relief could have been sought in 2017 when the four appeals were all filed. To wait until after Plaintiff filed his opening brief, Defendant attempts to gain an unfair advantage that should not be sanctioned by this Court.

DATED: January 18, 2018       Respectfully Submitted,

                                        THE WESTRICK LAW FIRM, P.C.

                                        By:/s/ Shawn C. Westrick
                                          SHAWN C. WESTRICK
                                          Attorneys for Plaintiff and Class Members